**MODERN LIVING, INC., Relator,**

v.

**The Honorable Lee G. ALWORTH, Respondent.**

**No. 09 87 030 CV.**

Court of Appeals of Texas, Beaumont.

May 7, 1987.

David W. Biles, Houston, for relator.

Ernest Coker, Jr., Conroe, for respondent.

## OPINION

BURGESS, Justice.

This is a mandamus to seek a free statement of facts under *TEX.R.APP.P. 13(k), 40(a)(3)(E), 53(j)(1).* We conditionally grant the writ.

A judgment was entered that appellant/plaintiff take nothing in a trespass and conversion suit. Appellant filed an affidavit of inability to give security for costs in the trial court on January 12, 1987. The filing was timely as a result of an extension granted by this court pursuant to *TEX.R.APP.P. 41.* On January 14, 1987, appellant requested that the court reporter began preparation of the statement of facts. On January 21, 1987, the court reporter timely filed a contest. Thereafter, on January 29, 1987, the trial court conducted a hearing on the contest. At the conclusion of the hearing, the trial court orally announced that the contest was sustained and made a docket entry to that effect. No written order was ever signed.

We conditionally grant the writ for two reasons. One is based on substance, the other on procedure. The trial court filed findings of fact and conclusions of law. Those pertinent are:

## FINDINGS OF FACT

. . . .

(5) That at the time of the hearing, Plaintiff Modern Living, Inc. was in bankruptcy in Cause No. 84–04955–H1–5, styled "In Re Modern Living, Inc.," in the Southern District Court of Texas, Houston Division.

(6) That Fred Wilson, sole shareholder of said corporation, was in bankruptcy in Cause No. 84–04953–H3–5, styled "In Re Frederick Wilson and Ernestine Wilson," in the Southern District Court of Texas, Houston Division.

(7) That appropriate motions were made in each of said bankruptcy proceedings applying for release of funds from estates of both debtors to pay the costs of civil litigation being prosecuted by Plaintiff Modern Living, Inc., as evidenced by the July 28, 1986 entry in Plaintiff's Exhibit 1, admitted into evidence without objection at the hearing.

(8) That said motions for release of funds from the debtors' estates were denied, as evidenced by the July 28, 1986 entry in Plaintiff's Exhibit 1, admitted into evidence without objection at the hearing.

(9) That Fred Wilson has been advised by his bankruptcy counsel, his attorney of record in this cause, and by the bankruptcy court that the expenditure of funds to pursue civil litigation, the motion for release of administrative funds having been denied, would likely result in contempt proceedings.

(10) That Modern Living, Inc. had no assets.

(11) That Modern Living, Inc. had no bank accounts.

(12) That Modern Living, Inc. had no income or cash flow.

(13) That Fred Wilson was a full time student and was not currently employed.

(14) That Fred Wilson was supporting himself and his family solely with proceeds of student loans.

(15) That said student loan proceeds could be used only for school tuition, books, and living expenses of Fred Wilson and his family.

. . . .

(18) That Modern Living, Inc. had entered into a contingency fee contract with his attorney of record in this cause, David W. Biles, thereby assigning to said attorney a one-third interest in any amounts recovered out of this litigation.

(19) That said attorney, David W. Biles, had a financial interest in this proceeding, cause and any recovery arising out of this litigation.

(20) That said Attorney, David W. Biles, made no showing of his inability to pay costs or give security therefor in this cause.

### CONCLUSIONS OF LAW

. . . .

(4) That Plaintiff Modern Living, Inc. was unable to pay any costs of appeal from the judgment in this cause.

(5) That Fred Wilson was unable to pay any costs of appeal from the judgment in this cause.

(6) That the attorney of record for Plaintiff Modern Living, Inc., David W. Biles, had a financial interest in this litigation and any recovery from this litigation.

(7) That the attorney of record for Plaintiff Modern Living, Inc., Daivd W. Biles, was able to pay the costs of appeal from the judgment in this cause.

(8) That the attorney of record for Plaintiff Modern Living, Inc., David W. Biles, was obligated to pay costs of appeal from the judgment in this cause.

■ Apparently the trial judge sustained the contest because he felt the plaintiff's attorney was obligated to pay the costs of appeal (Conclusion of Law No. 8). *TEX.R. APP.P. 40(a)(3)(A)* provides "when the appellant is unable to pay the cost of appeal or give security therefor . . . ." then he shall be allowed to prosecute the appeal without costs. The rules do not require appellant to show that others are unable to pay the costs. *See Allred v. Lowry*, 597 S.W.2d 353 (Tex.1980); *Goffney v. Lowry*, 554 S.W.2d 157 (Tex.1977). Specifically, the trial court erred in holding that the attorney, because of his contingent fee contract, was obligated to pay the costs of appeal. *International & G.N. Ry. Co. v. Reeves*, 35 Tex.Civ.App. 162, 79 S.W. 1099 (1904, writ ref'd); *Galveston, H. & S.A. Ry. Co. v. Mathes*, 73 S.W. 411 (Tex.Civ.App.1903, no writ); *The Oriental v. Barclay*, 16 Tex.Civ. App. 193, 41 S.W. 117 (1897, no writ). Therefore, in light of the trial court's findings that appellant was unable to pay any costs of appeal (Conclusion of Law No. 4), the contest should have been overruled.

The procedural aspect of the case also requires that we conditionally grant the writ. *TEX.R.APP.P. 40(a)(3)(E)* states, in part:

> If no ruling is made on the contest within the ten day period or within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.

■ An oral pronouncement from the bench is not sufficient to constitute the ruling required by the rule. *Shaffer v. U.S. Companies, Inc.*, 704 S.W.2d 411 (Tex.App.—Dallas 1985, no writ). Nor is a docket entry sufficient. *Ranier v. Brown*, 623 S.W.2d 682 (Tex.App.—Houston [1st Dist.] 1981, no writ). Only a written, signed order is effective. *Lopez v. Foremost Paving, Inc.*, 671 S.W.2d 614 (Tex. App.—San Antonio 1984, no writ); *Ranier, supra*. Since there is no written order sustaining the contest entered within the appropriate period, the allegations of the affidavit must be taken as true.

We direct the trial judge to enter an order denying the contest. The writ of mandamus will issue only if he does not comply.

CONDITIONALLY GRANTED.