Guadalupe VILLARREAL, Appellant,

v.

H.E. BUTT GROCERY COMPANY, Appellee.

No. 13–87–388–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 22, 1987.

Rehearing Denied Nov. 12, 1987.

Guadalupe Villarreal, pro se.

Ferriel C. Hamby, Jr., Roger W. Hughes, Adams, Graham & Jenkins, Harlingen, for appellee.

## OPINION

PER CURIAM.

Appellant, GUADALUPE VILLERRE-AL, appeals from a judgment entered by the 357th District Court of Cameron County, Texas, in cause number 85–2670–E. After the transcript had been filed, the appellee filed a sworn motion to dismiss the appeal for want of jurisdiction, on the basis that the appellant had failed to give written notice to the court reporter of the filing of her Affidavit of Inability to Pay Costs. An affidavit from the court reporter supports the statements of appellee. Appellant does not dispute that she failed to give the court reporter notice of the filing of her affidavit.

■ Pursuant to Tex.R.App.P. 40(a)(3)(B), the appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney *and* to the court reporter within two days after the filing; otherwise, the appellant shall not be entitled to prosecute the appeal without paying the costs or giving security therefor. Because of appellant's failure to comply with the notice provision of this rule, she is not now entitled to proceed unless she pays the costs or gives security therfore. *See Matlock v. Allstate Insurance Company*, 729 S.W.2d 960 (Tex.App. —Corpus Christi 1987, no writ).

■ Pursuant to Tex.R.App.P. 41(a), security for costs, the bond, or affidavit in lieu of bond must be filed within 30 days after the judgment is signed, or, if a timely motion for new trial has been filed, within 90 days after the judgment is signed. The transcript reflects that the final day for filing the cost bond to perfect the appeal was September 9, 1987. The last day to file a motion for extension of time for such filing was September 24, 1987. See Tex.R. App.P. 41(a)(2). No motion has been filed. Accordingly, no motion for extension of time may now be granted by this Court, nor may a bond or cash deposit be filed. Thus, the appeal has not been perfected.

The Court, having considered appellee's motion to dismiss the appeal, appellant's failure to post a bond or give security therefor and the documents on file, is of the opinion that the appellee's motion should be granted.

The motion to dismiss the appeal for want of jurisdiction is granted, and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. Appellant's motion for extension of time to file the statement of facts and brief is dismissed. Costs of the appeal are adjudged against appellant, GUADALUPE VILLARREAL.