**Jacquelyn Annette WHEELER, Relator,**

v.

**The Honorable Robert B. BAUM, Judge of the 314th District Court, Harris County, Texas, Respondent.**

**No. 01–88–00919–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 1, 1988.

Joseph L. Bart, Jr., Houston, for relator.

Donna M. Bobbitt, Ruth A. Brown, Houston, for respondent.

Before SMITH, DUGGAN and DUNN, JJ.

## ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator, Jacquelyn Annette Wheeler, seeks relief from respondent's order sustaining a contest to relator's affidavit of inability to pay costs. Relator claims that the order is void because Tex.R.App.P. 40(a)(3)(E) requires the contest to be determined by a signed written order within 10 days after the contest is filed, but the respondent's order was not signed until the eleventh day. Relator requests that this Court command respondent to set aside the order and to order the official court reporter to prepare a statement of facts of the trial without cost to the relator.

° Harris County Children's Protective Services ("CPS") instituted a proceeding to terminate the parental rights of the relator. Judgment was in favor of CPS, and the parent-child relationship was terminated. Relator sought to appeal this judgment, and she timely filed a notice of appeal and an affidavit of inability to pay costs. CPS filed a contest to the affidavit, and a hearing was held on the tenth day after the contest was filed.

At the hearing, CPS argued that the relator could not perfect her appeal without filing a cost bond because the court reporter was not given notice of the filing of the affidavit within two days as required by Tex.R.App.P. 40(a)(3)(B). The respondent orally sustained the contest on the ground that no notice was given, but the order was not signed until the next day, which was the eleventh day after the contest was filed. The merits of the affidavit were never considered.

Relator now argues that the contest was overruled by operation of law and that the notice requirement was waived as to the court reporter because she did not object at the hearing.

In *In re V.G.*, 746 S.W.2d 500 (Tex.App.—Houston [1st Dist.] 1988, no writ), this Court held that the giving of the two-day notice is *mandatory*, and absent the notice, the appellant cannot prosecute an appeal without paying costs or giving security therefore. An objection at the hearing is not necessary because if no notice is given, a hearing is not required. *Bantuelle v. Renfroe*, 620 S.W.2d 635, 637 (Tex.Civ.App.—Dallas 1981, no writ).

Relator cites *Jones v. Stayman*, 747 S.W.2d 369 (Tex.1987), for the proposition that lack of notice can be waived. However, in *Jones*, the court reporter was given *some* notice of the filing of the affidavit within two days. The only question was whether the notice was sufficient to meet the requirements of Tex.R.App.P. 40(a)(3)(B). Since the court reporter made no objection at the hearing, the supreme court held that he waived any *deficiency* in notice. In the case at bar, the testimony of the court reporter establishes that she received no notice whatsoever of the filing of the affidavit within two days. Therefore, according to the rule, the affidavit cannot be filed in lieu of a cash deposit or bond.

The relator next argues that Tex.R.App.P. 40(a)(3)(E) requires that the affidavit be taken as true because the court did not rule on the contest by a signed written order within 10 days after the filing of the contest. When no notice is given, however, it is irrelevant whether a contest is filed or when the court rules on a contest, if any, because the affidavit simply cannot be filed to perfect the appeal. *Fellowship Missionary Baptist Church v. Sigel*, 749 S.W.2d 186 (Tex.App.—Dallas 1988, no writ); *Matlock v. Garza*, 725 S.W.2d 527 (Tex.App.—Corpus Christi 1987, orig. proceeding).

Accordingly, the motion for leave to file petition for writ of mandamus is OVERRULED.