Thomas L. VARKONYI, Relator,

v.

The Honorable Jose TROCHE, Judge, 168th Judicial District Court of El Paso County, Texas, Respondent.

No. 08–90–00356–CV.

Court of Appeals of Texas, El Paso.

Dec. 14, 1990.

**3. Appeal and Error** ⚖389(4)

Absent proper written order extending date for hearing on contest of appellant's pauper's affidavit, allegations of affidavit had to be taken as true and cost-free appeal allowed. Rules App.Proc., Rules 13(k), 40(a)(3)(E), 53(j).

---

Jose E. Troche, pro se.

Eduardo Miranda, Carlos Rincon, Asst. City Attys., El Paso, for respondent.

Thomas L. Varkonyi, pro se.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Relator is before this Court with a pro se petition for a writ of mandamus following the trial court's denial of the Relator's right to appeal in forma pauperis the injunctive order entered against him.

## BACKGROUND

■ On September 17, 1990, the trial court signed an order granting the City Of El Paso's Application for a Temporary and Permanent Injunction against Relator for violation of the City's zoning ordinance. On October 22, 1990, the trial court signed an order clarifying the court's September 17, 1990 injunctive order. In the clarification order, the trial court stated that the appeal time limits were to commence to run as of the September 17, 1990 order. The trial court was incorrect in that under Tex. R.Civ.P. 329b(h), the appeal time would have commenced to run from the signing of the clarification order of October 22, 1990, Tex.R.Civ.P. 329b(d), (g) and (e).

## MANDAMUS RELIEF SOUGHT

*Findings of Fact and Conclusions of Law:*

■ Relator contends in this mandamus proceeding that he had properly and timely requested Findings of Fact and Conclusions of Law pursuant to Tex.R.Civ.P. 296 and 297 in regard to the September 17, 1990 order and subsequent orders of the trial court. The trial court failed to comply with his request, and the Relator seeks an order requiring the trial court to make and enter Findings of Fact and Conclusions of Law.

The record before this Court does not contain Relator's initial written request for Findings of Fact and Conclusions of Law as required under Rule 296. Furthermore, Tex.R.App.P. 42(a)(1) provides that the trial judge need not file Findings of Fact and Conclusions of Law. We, therefore, must and do deny such requested mandamus relief.

*Appeal in Forma Pauperis:*

■ On September 27, 1990, Relator filed his Notice of Appeal in Forma Pauperis, attaching his Affidavit of Inability to Post Appeal Cost Bond. On October 3, 1990, the court reporter filed her contest of the pauper's affidavit. A hearing on the contest was set for October 4, 1990, but the trial court orally continued the contest until October 18, 1990. *The trial court did not enter a written order continuing the contest.*

The City, in its response to the Petition for Writ of Mandamus, contends that the Relator failed to comply with the requirement of *"two days"* notice after the filing of his Forma Pauperis Affidavit as provided for by Tex.R.App.P. 40(a)(3)(B) and that is the reason for the trial court's continuance.

On Relator's certificate of service on the "Notice of Appeal/Affidavit of Forma Pauperis," it states that a copy was mailed to the attorney of record for the City on September 27, 1990. Relator testified he deposited the notice in the mail. The City denied receipt of the notice but the trial court did not make any finding that Relator had failed to give the proper notice.

We also note, in the transcript filed in this Court, in regard to the underlying suit sought to be appealed from, that the district clerk's office had filed a sworn contest to the pauper's affidavit on September 28, 1990, which was within the two day notice requirement of the statute.

The court reporter's contest was also on file before the October 4 setting date for hearing on the contest. The notice requirement provided by Rule 40(a)(3)(B) was intended to allow the court reporter and the City the opportunity to file a timely contest. *Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex.1987). It is therefore apparent that the court reporter's contest was filed and issue was joined before the trial court setting of October 4, 1990. *Lewelling v. Lewelling*, 774 S.W.2d 801 (Tex.App.—El Paso 1989) *aff'd in part, rev'd in part*, 796 S.W.2d 164 (1990). The trial court had the authority under the Rule 40(a)(3)(E) to extend the hearing date to enable preparation for the contest. The trial court did extend the hearing date to October 18, 1990. However, the trial court is also bound by the provisions of the Rule for extending the time for a hearing:

Tex.R.App.P. 40(a)(3)(E) specifically provides:

**If a contest is filed, the court shall hear the same within ten days after its filing UNLESS the court extends the time for hearing and determining the contest BY A SIGNED WRITTEN ORDER made within the ten day period.** [Emphasis added].

At the hearing on October 18, the trial judge decided the indigency question on the merits and not on any deficiency of notice. It is also interesting to note that the court reporter that filed the written contest did not testify to the lack of notice. Another court reporter who had not filed the written contest testified that she (the testifying reporter) did not receive notice. As result of the indigency hearing, the trial court entered an order denying Relator's Application to Proceed on Appeal In Forma Pauperis. The trial court's order of denial failed to comply with Tex.R.Civ.P. 145 which requires that there should be contained in the denial order *"Reasons for such a finding...."* [Emphasis added].

Indigency provisions, like other appellate rules, have long been liberally construed in favor of the right to appeal. *Jones v. Stayman*, 747 S.W.2d 369; *Commercial Credit Corporation v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

## CONCLUSION

The trial court failed to enter a proper WRITTEN ORDER extending the hearing date as provided by Tex.R.App.P. 40(a)(3)(E). Therefore, the allegations of Relator's affidavit must be taken as true and he is entitled to prosecute his appeal without costs. Tex.R.App.P. 13(k) and 53(j).

We direct that the trial court vacate the order of October 22, 1990. The trial court shall then enter an order denying the contest of Relator's application for appeal in forma pauperis. That order should direct the court reporter to prepare the statement of facts for filing with the Clerk of the Eighth Court of Appeals within thirty days after the signing of the order. Tex.R.App.P. 42(a)(3).

The writ of mandamus shall issue only if the trial court fails to act in accordance with this opinion.