Lizzie J. LOVALL, Relator,

v.

**The Honorable David WEST, Judge of the 269th District Court, Harris County, Texas, and Katherine Tyra, District Clerk, Harris County, Texas, Respondents.**

No. 01–93–00328–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1993.

Lizzie J. Lovall, Houston, for relator.

Joan M. Denton, Houston, for respondents.

Before DUGGAN, MIRABAL and WILSON, JJ.

**OPINION**

PER CURIAM.

Relator Lizzie Lovall asks this Court to issue a writ of mandamus against Judge David West and Harris County District Clerk Katherine Tyra; she wants Judge West to rescind his order sustaining Tyra's

contest of Lovall's affidavit of inability to pay costs on appeal and to order the court reporter to prepare a free statement of facts. She also wants Tyra to prepare and file a transcript.

## Factual background

Lovall sued the Texas Employment Commission and Park Plaza Hospital. She represented herself pro se. The trial court entered a directed verdict in favor of the defendants. Lovall filed a motion to modify the judgment, which the trial court denied.

On December 30, 1992, Lovall timely filed her notice of appeal and her affidavit of inability to pay. Her certificate of service indicates that copies were sent to the attorneys of record for the real parties in interest, as well as to the court reporter, on December 30. On January 5, 1993, the substitute court reporter, Yvonne Ramirez, filed a contest to Lovall's affidavit. On January 28, 1993, Tyra filed a contest to Lovall's affidavit.

On January 22, 1993, Lovall gave notice of a hearing on her application for a free statement of facts. The hearing was scheduled for February 1. Lovall states in her brief that the hearing was scheduled so that she could present her application for free statement of facts to the trial court.

On February 1, the trial court held the scheduled hearing. Lovall did not appear. (She states she did not attend because of illness.) At the hearing, the trial court sustained Tyra's contest and denied Lovall's application.

## Texas Rules of Appellate Procedure

A party who is unable to pay the costs of appeal must file an affidavit of inability to pay. TEX.R.APP.P. 40(a)(3)(A). The appellant must give notice of the filing of the affidavit to opposing parties and to the court reporter within two days of filing the affidavit. TEX.R.APP.P. 40(a)(3)(B). Lovall gave notice to the parties and to the court reporter; the substitute reporter apparently received notice because she timely filed a contest.

■ Any interested officer of the court or party to the suit may file a contest to the affidavit within 10 days of receiving notice. TEX.R.APP.P. 40(a)(3)(C); *see also Thompson v. Garza*, 809 S.W.2d 640, 641 (Tex.App.—Corpus Christi 1991, orig. proceeding). Ramirez filed her contest within 10 days. Tyra, however, filed her contest on January 28, 1993—*29 days* after Lovall filed her affidavit. Tyra's contest was, therefore, untimely.

■ When a contest is filed, the trial court must hold a hearing within 10 days or extend the time for a hearing by written order made within the 10–day period. TEX. R.APP.P. 40(a)(3)(E). When no ruling is made on a contest within the allotted time frame, the allegations in the affidavit shall be taken as true. *Id.*

■ When multiple contests to an affidavit are filed, the filing of the first contest fixes the time within which the trial court must rule on the contests or accept the allegations of the pauper's affidavit as true. *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex.1991). Thus, even if Tyra's contest had been timely, Ramirez's contest, as first filed, fixed the time within which the trial court could act. The trial court had until January 15 to rule on Yvonne Ramirez's timely-filed contest or to extend the time for doing so. TEX.R.APP.P. 40(a)(3)(E). The trial court did neither. After January 15, the trial court was therefore without authority to sustain any contest to Lovall's affidavit. *See Ramirez*, 807 S.W.2d at 729; *Thompson*, 809 S.W.2d at 641. Pursuant to rule 40(a)(3)(E), the trial court was bound to accept Lovall's allegations in her affidavit as true. *Ramirez*, 807 S.W.2d at 729, *Thompson*, 809 S.W.2d at 641.

■ Respondents argue that because the assistant attorney general (the attorney for defendant Texas Employment Commission) did not *receive* notice of Lovall's affidavit until January 6, 1993, six days after she filed the affidavit, Lovall failed to meet the requirements of rule 40(a)(3)(B), which requires that the appellant give notice of filing of the affidavit to the opposing party and to the court reporter within two days

after the filing. This argument is without merit. TEX.R.APP.P. 4(f) provides that service by mail is complete upon mailing. Lovall's certificate of service provides that she mailed notice on December 30, the day she filed her affidavit. Lovall's notice to opposing parties and to the court reporter was timely.

We conditionally grant the writ of mandamus. We trust that (1) the trial court will rescind its February 1, 1993, order sustaining Tyra's contest of Lovall's affidavit and order the court reporter to prepare the statement of facts without charge, and (2) Tyra will prepare a transcript without charge. Mandamus will issue only in the event the trial court and district clerk fail to comply.

We further grant Lovall's motion for extension of time to file record on appeal. Lovall shall have 60 days from the date of this opinion to file her statement of facts and transcript.