Wendell WATSON, Relator,

v.

**The Honorable Joseph H. HART, Respondent.**

**No. 3–93–459–CV.**

Court of Appeals of Texas, Austin.

Feb. 23, 1994.

---

Wendell Watson, pro se.

Sarah Pierce Cowen, J. Clifford Gunter III, Bracewell & Patterson, L.L.P., Houston, for Allstate Indem. Co.

Laura Upchurch, Brown McCarroll & Oaks Hartline, Austin, for American Gen. Fire & Cas. Co. a/k/a MD Cas.

Thomas J. O'Meara, Austin, for U.S. Fidelity and Guar. Co.

Before CARROLL, KIDD and B.A. SMITH, JJ.

PER CURIAM.

Relator Wendell Watson, pro se, seeks a writ of mandamus to require respondent, the Honorable Joseph H. Hart,[1] to vacate an order sustaining in part the contests to Watson's affidavit of inability to pay costs of appeal and to order that the allegations of the affidavit be taken as true. We will conditionally grant the writ.

## I. BACKGROUND

■ Watson filed a petition for an equitable bill of review in the trial court. The trial court dismissed his petition with prejudice by an order signed April 9, 1993. On July 8, 1993, Watson filed an affidavit of inability to pay costs of appeal.[2] See Tex.R.App.P. 40(a)(3)(A). He gave notice of the filing of the affidavit to official court reporters Cynthia Alvarez and Grace Chavez, both of whom subsequently filed contests to the affidavit. See Tex.R.App. 40(a)(3)(C). The first contest to Watson's affidavit was filed on July 15, 1993.[3] On July 16, 1993, the trial court signed an order setting a hearing date on the contests for August 3, 1993. On August 5, 1993, the trial court signed an order, sustaining in part the contests to Watson's affidavit of inability. On August 9, 1993, Watson filed a motion to vacate judgment and motion to take the allegations of the affidavit of inability to pay the costs of appeal as true. On August 10, 1993, the trial court signed an order denying Watson's motion. On September 16, 1993, this Court granted Watson's motion for leave to file petition for writ of mandamus and filed the petition. Watson asks this Court to order Judge Hart to vacate the August 5, 1993, order sustaining in part the contests to Watson's affidavit and to order that the allegations of the affidavit be taken as true.

## II. DISCUSSION

Before we consider the basis for Watson's petition, we must dispose of three preliminary issues. First, real parties in interest United States Fidelity & Guaranty Company (Fidelity) and Allstate Indemnity Company (Allstate Indemnity) argue in their responses to Watson's petition that mandamus should not lie because he failed to give notice of the mandamus proceeding to court reporters Cynthia Alvarez, Grace Chavez, and Caroline Chapman. See Tex.R.App.P. 121(a)(2)(B), (G). This Court requested that Watson supplement his petition to include the court reporters as real parties in interest or as parties whose interests would be affected by the proceeding. We further requested Watson to provide the court reporters with a copy of the motion for leave to file a petition for writ of mandamus, the petition for writ of mandamus, and any supplements to the petition. We also instructed Watson to submit, as a supplement to the petition, a certificate of

---

1. Watson's petition for writ of mandamus names the 250th Judicial District Court of Travis County, and the Honorable Joseph H. Hart, presiding judge, as respondents. This Court may issue a writ of mandamus against a judge of a district or county court within our judicial district. Tex. Gov't Code Ann. § 22.221(b) (West 1988). It is not necessary for us to issue a writ of mandamus against the 250th Judicial District Court of Travis County in order to enforce our jurisdiction. See Tex.Gov't Code Ann. § 22.221(a) (West 1988). Accordingly, the proper respondent in this proceeding is the Honorable Joseph H. Hart, who signed the order sustaining in part the contests to relator's affidavit of inability to pay the costs of appeal and who retains the power to vacate the order.

The real parties in interest, or parties whose interests are affected by this proceeding, are Covey & Moorehead Adjusters, Incorporated; State Farm Insurance Company; E. & W. Enterprises;

J.B. Phillips Construction Company; United States Fidelity & Guaranty Company; Allstate Indemnity Company; Key Services Group; American General Fire & Casualty Company a/k/a Maryland Casualty Company; Preston Harvey Construction Company; and Court Reporters Cynthia Alvarez, Grace Chavez, and Caroline Chapman.

2. This Court has docketed his appeal as cause number 3–93–418–CV. The trial-court cause number is 494,180.

3. When multiple contests to an affidavit are filed, the filing of the first contest fixes the time in which the trial court must rule on the contests or accept the allegations of the affidavit as true. *Ramirez v. Packer,* 807 S.W.2d 728, 729 (Tex. 1991).

service showing service on the court reporters. Watson complied with the foregoing requests and instructions.

Second, Fidelity argues that the question presented by Watson's petition for writ of mandamus is moot because Watson has filed the transcript and statement of facts from the trial court in his appeal on the merits in cause number 3–93–418–CV and any error in requiring him to pay for the statement of facts can be addressed in that appeal. Watson responds that he did not request or file the statement of facts Fidelity refers to and, if any statement of facts were filed in his appeal, it was without his knowledge.

The statement of facts filed in cause number 3–93–418–CV is from a hearing on Allstate Indemnity's motion for sanctions and injunctive relief held on July 7, 1993. Court reporter Alvarez prepared the statement of facts. The transcript in cause number 3–93–418–CV reflects that Watson did not request that Alvarez prepare the statement of facts from the July 7 hearing. Rather, Allstate Indemnity requested Alvarez to prepare and tender the statement of facts. Watson has requested statements of facts for two other hearings that have not been filed in his appeal. Accordingly, the question presented in Watson's petition for writ of mandamus is not moot.

■ Third, we must determine the effect of Watson's failure to notify one of the court reporters in the trial-court proceeding that he had filed an affidavit of inability to pay costs for appeal. Three court reporters participated in the bill-of-review proceeding: Cynthia Alvarez, Grace Chavez, and Caroline Chapman. Alvarez and Chavez are official court reporters and Chapman appears to be

a deputy court reporter for the District Court of Travis County, 126th Judicial District.[4] Before July 8, 1993, Alvarez mistakenly informed[5] Watson that she was the official court reporter who had transcribed the proceedings on November 25, 1991, relating to a hearing on motions to dismiss Watson's lawsuit. On July 8, 1993, Watson filed his affidavit of inability and requested Alvarez to transcribe the November 25 proceedings. See Tex.R.App.P. 53(a). Watson timely served notice on Alvarez and Chavez that he had filed an affidavit of inability. See Tex.R.App.P. 40(a)(3)(B). Both Alvarez and Chavez filed contests to Watson's affidavit.[6] Approximately one week after the trial court signed its order sustaining the contests in part, Alvarez for the first time notified Watson that a reporter from Chapman Court Reporting Service had, in fact, transcribed the November 25 proceedings.

Rule 40(a)(3)(B) provides:

The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney *and to the court reporter of the court where the case was tried* within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

Tex.R.App.P. 40(a)(3)(B) (emphasis added).

Watson argues the rule means exactly what it says and that the phrase "the court reporter of the court where the case was tried" refers only to the official court reporter of the trial court. Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987). The appellate rules, howev-

---

**4.** In her affidavit attached as an exhibit to Watson's August 20, 1993, motion for extension of time to file the record in his appeal, Chapman identifies herself as the deputy court reporter for the 126th judicial district court. *See* Tex. R.App.P. 19(d). Alvarez, in her affidavit attached to the motion for extension of time, does not identify Chapman as the deputy court reporter. Whether Chapman is a private court reporter or a deputy court reporter makes no difference in our disposition of this cause.

**5.** Facts relating to the conversation between Alvarez and Watson are drawn from Alvarez's affidavit attached to Watson's August 20, 1993, motion for extension of time. *See* Tex.R.App.P. 19(d).

**6.** Two of the defendants also filed contests.

er, must be construed in a manner consistent with their purposes.

■ The notice requirement in Rule 40(a)(3)(B) is intended to allow the court reporter and appellee the opportunity to file a timely written contest. *Id.* If the notice sufficiently fulfills the purpose of the rule, the notice requirement is met. *See Id. Jones,* however, should not be read so broadly as to exonerate an appellant's burden of complying with the applicable rules of procedure so long as no harm results. *Fellowship Missionary Baptist Church v. Sigel,* 749 S.W.2d 186, 188 (Tex.App.—Dallas 1988, no writ).

If Rule 40(a)(3)(B) requires notice of the filing of the affidavit to the official court reporter only, and the official court reporter did not transcribe the proceedings for which the statement of facts is requested, she has no interest in contesting the affidavit because she is not the reporter who will be required to prepare the statement of facts without payment. Conversely, if a substitute court reporter actually transcribed the proceedings and must prepare the statement of facts, she is clearly an interested officer of the court entitled to notice. *See* Tex.R.App.P. 40(a)(3)(C) (interested officer of court may file contest to affidavit within ten days after notice thereof). We understand the purpose of the notice requirement to be to provide the court reporter who transcribed the trial-court proceedings the opportunity to file a contest. We will assume, without deciding, that Rule 40(a)(3)(B) requires an appellant to give timely notice of the filing of an affidavit of inability to all court reporters from whom he will request a statement of facts. Chapman was not served with notice, and she did not file a contest. Nothing in the record before us suggests that she otherwise acquired actual knowledge of the filing of the affidavit.[7] Thus, we cannot say that Chapman had the opportunity to file a timely contest to Watson's affidavit.

Allstate Indemnity and American General Fire & Casualty Company argue that the notice requirement is mandatory and Watson cannot proceed without paying costs, citing *Wheeler v. Baum,* 764 S.W.2d 565, 566 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding); *Fellowship Missionary Baptist Church of Dallas v. Sigel,* 749 S.W.2d 186, 188 (Tex.App.—Dallas 1988, no writ); and *Villarreal v. H.E. Butt Grocery Co.,* 742 S.W.2d 725, 726 (Tex.App.—Corpus Christi 1987, writ dism'd w.o.j.). In both *Wheeler* and *Villarreal,* the appellant completely failed to give notice to any court reporter of the filing of an affidavit of inability to pay costs of appeal. In *Sigel,* the notice was not timely. Watson gave timely notice of his affidavit of inability to the court reporter he believed had transcribed the November 25 proceedings. Thus, this case does not involve the complete absence of timely notice.

■ Watson argues that he made a good-faith effort to notify every court reporter from whom he intended to request a statement of facts in compliance with Rule 40(a)(3)(B) and that under the circumstances of this case his failure to give notice to Chapman should be excused because the mistake of the official court reporter effectively prevented him from giving the required notice. The failure to serve notice timely of the affidavit of inability to a court reporter or substitute court reporter is not automatically fatal to an appellant's right to prosecute an appeal by affidavit of inability. *See Lovall v. West,* 859 S.W.2d 544, 545 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (although appellant did not give substitute court reporter notice, she apparently received notice and timely filed a contest);

*Compare Wheeler v. Baum,* 764 S.W.2d 565, 566 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (cannot waive complete absence of notice) *with Jones,* 747 S.W.2d at 370 (*deficiency* in notice waived when court reporter received notice that sufficiently fulfilled purpose of rule but did not file contest, attended hearing, and did not object to lack of proper notice).

---

7. The transcription of the hearing on the contests is not before us. Thus, we cannot determine whether Chapman was present at the hearing. Since Chapman was never served with notice of the contests, however, she did not waive notice if she was present at the hearing on the contests and failed to object to the lack of notice or request an extension of time to prepare a contest.

*Thompson v. Garza,* 809 S.W.2d 640 (Tex. App.—Corpus Christi 1991, orig. proceeding) (official court reporter timely notified but did not file contest; substitute court reporter did not receive timely notice and filed a late contest that trial court ruled on too late); *Varkonyi v. Troche,* 802 S.W.2d 63, 64–65 (Tex.App.—El Paso 1990, orig. proceeding) (one court reporter filed timely contest and did not testify to lack of notice, the other failed to file contest and testified to lack of notice: appellant allowed to proceed on affidavit).

Here, Alvarez mistakenly informed Watson before he filed his affidavit of inability that she had transcribed the November 25, 1991, proceedings. Based on this information, Watson requested Alvarez to transcribe the proceedings and provided her with timely notice of his affidavit of inability. Only after the trial court signed an order sustaining the contests in part did Alvarez notify Watson that Chapman had in fact transcribed the November 25 proceedings.

Additionally, Chapman was given the opportunity to respond to Watson's petition for writ of mandamus. Chapman's response does not complain of the lack of notice or assert that she would have filed a contest had she received timely notice of the filing of Watson's affidavit of inability. The response does not otherwise oppose the petition. Accordingly, based on the facts in this case, we hold that Watson's failure to give notice to Chapman does not preclude him from prosecuting his appeal by affidavit of inability.

**Basis for Petition for Writ of Mandamus**

■ The basis for Watson's petition for writ of mandamus is that the trial court signed the August 5, 1993, order after the period of time allowed under Rule 40(a)(3)(E) and, having failed to rule on the contests on August 3, 1993, the trial court was required to take the allegations in his affidavit as true. Mandamus in the court of appeals is the proper remedy when the trial court sustains a contest to an affidavit of inability to pay costs on appeal. *Allred v. Lowry,* 597 S.W.2d 353, 354 n. 2 (Tex.1980). We will

issue the writ only to correct a clear abuse of discretion committed by the trial court. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992).

Rule 40(a)(3)(E) provides, in pertinent part:

If a contest is filed, the court shall hear the same within ten days after its filing unless the court extends the time for hearing and determining the contest by a signed written order made within the ten day period. The court shall not extend the time for more than twenty additional days after the date of the order of extension. If no ruling is made on the contest within the ten day period or within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.

If we treat the July 16 order setting the hearing date as a written order extending the time for hearing and determining the contests, the trial court extended the time to rule on the contests to August 3, 1993.

■ Fidelity and Allstate Indemnity argue that the court had until twenty days after the date of the order of extension to sign the order ruling on the contests. While the trial court may not extend the time to rule on the contests more than twenty additional days after the date of the order of extension, the trial court is not prohibited from extending the time less than twenty days, as was done here. If the trial court does not sign an order ruling on the contest within the ten day period *or within the period of time as extended by the court,* the allegations of the affidavit will be taken as true. *See Modern Living, Inc. v. Alworth,* 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987, orig. proceeding) (ruling on contest must be signed within ten day period of time or within period of time as extended by court; oral ruling insufficient). Thus, although Rule 40(a)(3)(E) does not expressly require a written ruling, under the case law, the trial court was required to sign an order ruling on the contests no later than August 3, 1993, or take as true the allegations in Watson's affidavit of inability to pay the costs of appeal. Instead, the trial court

committed a clear abuse of discretion when, on August 5, it signed the order sustaining the contests in part.

■■■■ Allstate Indemnity argues that Watson waived his right to proceed as an indigent under the doctrine of "invited error" when he signed an agreed order that partially sustained the contests to his affidavit of inability. We disagree. An order is deemed void when rendered as a result of an abuse of discretion by a judicial officer. *Aztec Life Ins. Co. v. Dellana,* 667 S.W.2d 911, 914 (Tex.App.—Austin 1984, orig. proceeding). A trial court commits legal error if it attempts to exercise a power of discretion that it does not legally possess. *Reyna v. Reyna,* 738 S.W.2d 772, 774 (Tex.App.—Austin 1987, no writ). The trial court was required to rule on the contests by written order within the time period as extended by its July 16 order or take the allegations of the affidavit as true. *See Modern Living,* 730 S.W.2d at 446; *see also Beatty v. Martin,* 690 S.W.2d 94, 95 (Tex.App.—Dallas 1985, orig. proceeding) (citing *Guetersloh Grain, Inc. v. Wright,* 618 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo, 1981, orig. proceeding) (if trial court does not timely rule on contest, it has no discretion and must take allegations as true; construing Tex.R.Civ.P. 355, 43 Tex.B.J. 767, 780 (1980, amended 1983, 1984, and repealed 1986)). Thus, the trial court attempted to exercise a power of discretion it did not legally possess when it signed the August 5 order. Accordingly, we deem the August 5 order void.

■■■■ An order that is void is without legal vitality or effect. *Slaughter v. Qualls,* 162 S.W.2d 671, 674 (Tex.1942). Thus, even if Watson's signature under the notation "Agreed" makes the order an agreed order, it is still a nullity and the doctrine of invited error cannot save it. *Guetersloh Grain, Inc.,* 618 S.W.2d at 136 (out-of-time order sustaining contest to affidavit of inability is a nullity); *Beatty,* 690 S.W.2d at 95 (court expressly declined to apply doctrine of invited error to Tex.R.Civ.P. 355, 47 Tex.B.J. 837, 838 (1984, repealed 1986) because requirement to rule timely on contest or otherwise take alle-

gations as true has no exceptions and is jurisdictional requirement).

## CONCLUSION

We conditionally grant the writ of mandamus. We trust that Judge Hart will render an order vacating his order of August 5, 1993. If he fails to do so, the writ will issue.