IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-528-CV





JULIUS DREW, SR.,



 APPELLANT


vs.





EDWARD J. DWYER,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 92-078-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 





PER CURIAM



 Appellant Julius Drew, Sr. filed suit against Edward J. Dwyer, Jo Wilhelm, and
Network Properties in the district court of Williamson County. Drew now seeks to appeal from
an order of summary judgment rendered in favor of appellee Edward J. Dwyer. Because we
conclude that the summary-judgment is not a final and appealable judgment and that Drew did not
properly perfect an appeal, we will dismiss the appeal for want of jurisdiction.

 To be a final and appealable judgment, the order granting the motion must dispose
of all issues and parties before the trial court. Mafrige v. Ross, 37 Tex. Sup. Ct. J. 82, 83 (Oct.
27, 1993); Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co., 324 S.W.2d 200 (Tex.
1959). If the order does not dispose of all issues and parties, the order is interlocutory and not
appealable. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990);
Pan Am. Petroleum Co., 324 S.W.2d at 200-1. An interlocutory summary judgment may be
made final and appealable if the trial court severs the unadjudicated issues and parties. Teer v.
Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984).

 In the instant cause, Drew asserted claims against three defendants. Dwyer filed
his answer on May 6, 1992. The transcript does not include answers from Wilhelm or Network
Properties. On receipt of the transcript, the Clerk of this Court notified the parties that a question
existed as to this Court's jurisdiction over the appeal based on the finality of the judgment. By
letter dated October 25, 1993, Dwyer responded, "Jo Wilhelm and Network Properties were never
parties in this case because to my knowledge they were never served." Dwyer did not, however,
supplement the record to show that Wilhelm and Network Properties were not parties to the
proceeding in the trial court. See Tex. R. App. P. 19(d), 55(b).

 On April 27, 1993, Dwyer filed a motion for summary judgment requesting that
the trial court award Drew nothing on his claims against Dwyer and award Dwyer attorney's fees
and costs. In its order of June 4, 1993, the trial court ordered that Drew take nothing on his
claims against Dwyer and awarded Dwyer attorney's fees "as provided by the lease contract
(paragraph 29) on 7419 Dallas Drive, Austin, Williamson County, Texas, executed by Plaintiff
Julius Drew, Sr. on April 5, 1991." (1) The order does not dispose of any claims asserted against
Wilhelm or Network Properties and could not as those issues were not before the court on
summary judgment. See Mafrige, 37 Tex. Sup. Ct. J. 83; Teer, 664 S.W.2d at 704-5.

 Furthermore, the transcript suggests that Drew has not properly perfected an appeal
by filing an affidavit of inability to pay the costs of appeal. See Tex. R. App. P. 40(a)(3). The
affidavit filed on July 6, 1993, does not show that Drew gave notice of the filing of the affidavit
to opposing counsel or to the court reporter. See Tex. R. App. P. 40(a)(3)(B); Jones v. Stayman,
747 S.W.2d 369, 369-70 (Tex. 1987); Furr v. Furr, 721 S.W.2d 565, 566 (Tex. App.--Amarillo
1986, no writ). On July 7, 1993, the district clerk of Williamson County timely filed a contest
to the affidavit; Dwyer filed a contest several days later. See Tex. R. App. P. 40(a)(3)(C).

 The trial court then had either to hold a hearing on the contest and sign an order
overruling or sustaining the contest, or to sign an order extending the time within which to have
a hearing by July 19th. Tex. R. App. P. 40(a)(3)(E); Ramirez v. Packer, 807 S.W.2d 728, 729
(Tex. 1991); Modern Living, Inc. v. Alworth, 730 S.W.2d 444, 446 (Tex. App.--Beaumont 1987,
orig. proceeding). On July 16th, the district court signed an order that recites that the court held
a hearing on the contest on July 16th and:



At the hearing it was determined in accordance with Rule 40(a)(3)(D) of the Texas
Rules of Appellate Procedure that [Drew] had not carried his burden of proof of
showing his inability to pay the costs of appeal or to post bond. Under Rule
41(a)(2) of the Texas Rules of Appellate Procedure [Drew] had ten days from the
date defendant's contest was sustained to pay the required costs or to post bond for
such sum. Ten days have passed from the day . . . Dwyer's contest was sustained.


 It is, therefore, ORDERED that [Drew's] case and attempted appeal are
dismissed.



Because the order states that Drew did not meet his burden to show an inability to pay costs, we
consider the order as a timely "signed written order" in compliance with Texas Rule of Appellate
Procedure 40(a)(3)(E). (2)

 Drew then had ten days within which to file a cost bond or make a cash deposit
with the district clerk of Williamson County. White v. Baker & Botts, 833 S.W.2d 327, 328
(Tex. App.--Houston [1st Dist.] 1992, no writ); Lopez v. Foremost Paving, Inc., 671 S.W.2d 614,
616 (Tex. App.--San Antonio 1984, no writ). Drew made a cash deposit on August 9th, more than
ten days after July 16th. Because Drew did not timely make his cash deposit and properly perfect
his appeal, we are without jurisdiction. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978);
Willis v. Texas Dept. of Corrections, 834 S.W.2d 953 (Tex. App.--Tyler 1992, no writ).

 For the preceding reasons, we dismiss the appeal for want of jurisdiction.



Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: March 2, 1994

Do Not Publish 
1. [1] The judgment does not award a specific amount of attorney's fees and the lease contract is
not made a part of the judgment. Paragraph 29 of the lease contract attached to Dwyer's motion
for summary judgment states, "In any lawsuit in . . . district, or appellate court involving
contractual or statutory obligations of owner or resident, the prevailing party shall be entitled to
recover attorney's fees . . . from the nonprevailing party." The language of the judgment,
therefore, may not be sufficiently definite and certain so as to dispose of the claim for attorney's
fees. See Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); Steed v. State, 183 S.W.2d 458,
460 (Tex. 1944). 
2. [2] If the trial court had signed the order ten days after sustaining the contest, the order would
have been untimely. Drew would have been able to prosecute his appeal without paying costs or
giving security therefor. Varkonyi v. Troche, 802 S.W.2d 63, 65 (Tex. App.--El Paso 1990, orig.
proceeding). Furthermore, the determination whether to dismiss the appeal is within the authority
of this Court and not the trial court.