Holts v. Lumbermens Mut Cas Co 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-354-CV





BOBBY RAY HOLTS,



 APPELLANT


vs.





LUMBERMENS MUTUAL CASUALTY COMPANY,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 145,202-C, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING



 





PER CURIAM


 Appellant Bobby Ray Holts seeks to appeal the district court's judgment that he
recover nothing from appellee Lumbermens Mutual Casualty Company. We will dismiss the
appeal for want of jurisdiction.

 Within the time required to perfect an appeal, Holts filed an unsworn "Pauper's
Affidavit," which he later amended to include a statement of monthly income. See Tex. R. App.
P. 41(a)(1). The Clerk of this Court accepted the pauper's affidavit as a defective affidavit of
inability to pay costs on appeal, but notified Holts that his affidavit was required to be sworn and
that Holts had failed to show notice to the court reporter and opposing party of his filing the
affidavit. Tex. R. App. P. 40(a)(3)(A), (B). The Clerk requested Holts to submit a supplemental
transcript that included the amended affidavit and the required notice. See Tex. R. App. P. 55(b).

 Holts timely tendered the supplemental transcript, which contains his amended,
sworn affidavit, but does not contain the required notice. The Clerk therefore requested Holts to
submit a second supplemental transcript to include the notice; the Clerk further notified the parties
that the appeal would be dismissed unless he received the second supplemental transcript or a
response showing grounds to continue the appeal by September 1, 1994. Tex. R. App. P.
60(a)(2). As of this date, Holts has tendered neither.

 A party is not entitled to prosecute his appeal without paying costs or giving
security therefor unless he notifies the opposing party and court reporter that he has filed an
affidavit of inability. Tex. R. App. P. 40(a)(3)(B); Wheeler v. Baum, 764 S.W.2d 565, 566 (Tex.
App.--Houston [1st Dist.] 1988, orig. proceeding). Because Holts has failed to show that he gave
the required notice, his affidavit has no effect and the cost bond remains due when it otherwise
would have been due. Wheeler, 764 S.W.2d at 566; Villarreal v. H.E. Butt Grocery Co., 742
S.W.2d 725, 726 (Tex. App.--Corpus Christi 1987, writ dism'd w.o.j.). No cost bond or motion
to extend the time to file one has been filed in this cause, and the deadlines to file both have
passed. See Tex. R. App. P. 41(a)(1), 54(c). Because Holts has not properly perfected an appeal,
we dismiss the appeal for want of jurisdiction. In re V.G., 746 S.W.2d 500, 502 (Tex.
App.--Houston [1st Dist.] 1988, no writ); Villarreal, 742 S.W.2d at 726; see Tex. R. App. P.
60(a)(2).


Before Justices Powers, Aboussie and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: October 12, 1994

Do Not Publish