**Arthur James SABANOS, Appellant,**

v.

**Teresa Margaret RIVERA, Appellee.**

No. 01–94–01269–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1995.

Mary Beth M. Nelson, Houston, for appellant.

Elaine S. Michael, League City, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## ORDER

PER CURIAM.

Pursuant to TEX.R.APP.P. 56(a), the clerk of this Court questioned whether this appeal is timely perfected and referred the matter to this court.

This is an appeal by writ of error. The decree of divorce was signed April 25, 1994. A writ of error and affidavit of inability to pay costs were timely filed on October 11, 1994. TEX.R.APP.P. 45(d). The appellee filed a contest to the affidavit on October 19, 1994. The trial court signed an order that is file-marked October 26, 1994 setting a hearing on the contest on November 28, 1994. There is no date showing when the order was signed. The trial court signed an order sustaining the contest on November 29, 1994. The appellant filed a cost bond on December 16, 1994.

Our clerk questioned whether, pursuant to TEX.R.APP.P. 41(a)(2), the cost bond had to be filed no later than December 9, 1994, 10 days after the contest was sustained. Appellant filed no motion for extension to file the bond. We conclude, however, that the trial court could not sustain the contest on November 29, 1994 and the allegations in the affidavit must be taken as true.

When a contest to an affidavit of indigence is filed, the trial court must rule on the contest or sign an order within 10 days after the date the contest is filed extending the time to do so. TEX.R.APP.P. 40(a)(3)(E); *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991); *Lovall v. West*, 859 S.W.2d 544, 545 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). The court may not extend the time for more than 20 days after the date of the order of extension. *Watson v. Hart*, 871 S.W.2d 914, 919 (Tex.App.—Austin 1994, orig. proceeding); TEX.R.APP.P. 40(a)(3)(E). If the trial court does not rule within the allotted time frame, the allegations of the affidavit are taken as true. *Lovall*, 859 S.W.2d at 545; TEX.R.APP.P. 40(a)(3)(E).

The trial court was without authority to extend the time for ruling until November 29, 1994.[1] Assuming that the order of extension was signed on October 26, 1994 within 10 days of the date the contest was filed, the latest date that the trial court could have extended the time for ruling was November 17, 1994—20 days after the date the order of extension was signed. Because the trial court did not sustain the contest within the authorized period for an extension—on or before November 17, 1994, the allegations in the affidavit must be taken as true. Additionally the court could not sustain the contest on November 29 outside the extended period—after November 28, 1994. *Watson*, 871 S.W.2d at 919 (order sustaining contest was void when extension was granted to day 18 and the court ruled on day 20). Thus, the

1. We will treat the order setting the hearing as an order extending the time for ruling as the court did in *Watson*, 871 S.W.2d at 919.

affidavit was effective to perfect the appeal on October 11, 1994.