**Lee Ann GROSSNICKLE, Relator,**

v.

**Susan TURNER, Court Reporter, 6th Judicial District, and Honorable Joe Clayton, Presiding Judge, 6th Judicial District Court, Lamar County, Texas, Respondents.**

No. 06–95–00035–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 9, 1995.

Decided May 11, 1995.

Rehearing Overruled June 27, 1995.

Lee Ann Grossnickle, pro se.

Edward E. Ellis, Ellis & Clark, Paris, for real party in interest Richard Dean Grossnickle.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Relator Lee Ann Grossnickle seeks a writ of mandamus to require the Honorable Joe Clayton, as a successor judge, to vacate a previous order sustaining contests to relator's affidavit of inability to pay costs of appeal. This request involves relator's second appeal from the property division ordered in trial court cause number 54858, entitled "In the Matter of the marriage of Richard Dean Grossnickle and Lee Ann Grossnickle and in the Interest of Emily Ann Grossnickle, a Child."

Relator contends that the former judge's written order sustaining the contests to her affidavits of indigency was untimely, and consequently her allegations must be taken as true.

Relator also asks us to order the court reporter to immediately begin preparation of the statement of facts in her appeal. She contends that the court reporter must begin such preparation without either prepayment or payment of a deposit for the cost.

We first address the issues involving Judge Clayton. The following facts are shown by the record:

(1) Relator filed two affidavits of indigency, the first on November 21, 1994, and the second on November 29, 1994. She gave notice to the clerk and court reporter each time, as required by Tex.R.App.P. 40(a)(3)(B).

(2) The court reporter filed a contest on November 29. Thus, the court was required to hold a hearing and rule on the contest within ten days, i.e., before December 9, 1994.[1]

(3) The former judge, Honorable Joseph Devany, held a hearing on December 8, 1994 and determined that relator was not indigent, but did not sign a written order to that effect.

(4) Judge Devany issued his written order on January 24, 1995, finding that relator was not indigent. Tex.R.App.P. 40.

1. When multiple contests to an affidavit are filed, the filing of the first contest fixes the time in which the trial court must rule on the contests or accept the allegations of the affidavit as true. *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991).

An oral ruling on an affidavit of indigency is not sufficient to comply with the requirements of TEX.R.APP.P. 40(a)(3)(E). *Watson v. Hart,* 871 S.W.2d 914, 919 (Tex. App.—Austin 1994, orig. proceeding); *Modern Living, Inc. v. Alworth,* 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987, orig. proceeding); *Beatty v. Martin,* 690 S.W.2d 94, 95 (Tex.App.—Dallas 1985, orig. proceeding). Because the court failed to rule in writing on the contests within the ten days provided by the rule, the allegations of the affidavit must be taken as true. *Watson v. Hart, supra; see Ramirez v. Packer,* 807 S.W.2d 728, 729 (Tex.1991); *see also Guetersloh Grain, Inc. v. Wright,* 618 S.W.2d 135, 136 (Tex.Civ. App.—Amarillo 1981, orig. proceeding) (interpreting the predecessor to this rule).

A trial court abuses its discretion when it signs an order outside the time within which it may do so. *Watson v. Hart,* 871 S.W.2d at 919–20. An order that constitutes an abuse of discretion is void. *Id.* A void order is without legal effect. *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 674 (1942). Accordingly, relator's affidavit of indigency must be accepted as true, and she is entitled to proceed as an indigent.

Turner argues that the correct court reporter was not notified of the claim of indigency. TEX.R.APP.P. 40(a)(3)(B) requires that the appellant or her attorney give notice of the filing of the affidavit to the court reporter within two days of the filing. Relator gave notice to Susan Turner. The person who recorded the testimony is Kristine King. She is an employee or a partner of the private reporting firm of Flanary, Turner & Associates. She acted for the reporting firm that had contracted with the county to report the trial. The firm is a partnership and consists of four court reporters and a video technician. While Susan Turner did not actually transcribe the testimony, she is a partner in the reporting firm of Flanary, Turner & Associates, Court Reporters, and thus is an agent of the firm. Notice of indigency was timely sent to Flanary, Turner & Associates. Its receipt was acknowledged by the signature of another court reporter with the firm. The firm timely filed its opposition to her affidavit of inability, stating that the firm was employed by Lamar County to report the cause. Indigency provisions are to be liberally construed in favor of the claimed indigent. *Jones v. Stayman,* 747 S.W.2d 369 (Tex.1987). Under the admitted facts of this case, notice to the firm constituted notice to the court reporter as required by the rule.

Turner further argues that relator improperly brought this proceeding against her, since she did not personally report the trial. The letter demanding payment for the preparation of the statement of facts was sent by Susan Turner on behalf of the partnership of Flanary, Turner & Associates, stating that they would not begin preparation until they received a deposit of $6,000.00.[2] Under these circumstances, it appears that Turner is acting for the firm in providing the statement of facts. It is therefore proper for relator to seek relief from this court directing Turner to have the appropriate members or employees of her firm begin transcription of the proceeding.

In conclusion, relator properly sought classification as an indigent for purposes of ob-

---

**2.** Grossnickle alternatively contends that this court should direct the court reporter to begin preparation of the statement of facts despite her inability to provide a cash deposit. A court reporter has the duty to furnish a transcript of the reported evidence or proceedings in accordance with specific provisions of the Government Code. TEX.GOV'T CODE ANN. § 52.046(a) (Vernon 1988). The Government Code provides that the court reporter shall *furnish* the transcript upon payment of the reporter's fee. TEX.GOV'T CODE ANN. 52.047(a), (c) (Vernon Supp.1995).

A court reporter is not entitled to payment in full before beginning to prepare the statement of facts. She must prepare it upon request and may not insist on cash in advance when a bond is filed sufficient to perfect the appeal. *Browning v. Alexander,* 843 S.W.2d 703 (Tex.App.—Corpus Christi 1992, orig. proceeding). Further, a court reporter may not demand a deposit before beginning preparation of the statement of facts when the appellant has properly filed a cost bond and made a written request for the statement of facts. *Jackson v. Crawford,* 715 S.W.2d 130 (Tex.App.—Dallas 1986, no writ). However, the appellant must pay or make arrangements to pay for the costs of preparing the statement of facts upon completion and delivery. TEX.GOV'T CODE ANN. § 52.047(a), (c); TEX.R.APP.P. 46(a); *Browning v. Alexander,* 843 S.W.2d at 704.

taining a free record. Notice of indigency was given to the interested parties and a hearing was timely held. Regardless of the facts elicited at the hearing, the court's failure to timely sign an order sustaining the contests requires that relator's affidavit of indigency be taken as true. She is thus entitled to proceed as an indigent.

We conditionally grant the writ of mandamus. We assume that Judge Clayton will enter appropriate orders directing preparation of a statement of facts in accordance with this opinion and that Susan Turner will promptly direct the preparation of the statement of facts. The writ will issue only if they fail to do so.