**Reversed and Rendered and Majority and Concurring Opinions filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-01022-CV
_____

**HUMBERTO MONTALVO, INDIVIDUALLY AND
D/B/A MONTALVO PRODUCE OF MEXICO, Appellant**

**V.**

**JP MORGAN CHASE BANK, N.A., Appellee**

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2010-23102**

---

## M A J O R I T Y   O P I N I O N

This appeal is from an order signed November 10, 2011, sustaining a contest to the affidavit of indigence filed by appellant in Appeal No. 14-11-00987. An indigent party may obtain the record pertaining to the trial court's ruling sustaining the contest to his affidavit of indigence and challenge that ruling. *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998). Accordingly, we ordered those portions of the record necessary to review the order sustaining the contest to appellant's affidavit of indigence be filed with

the clerk of this court. The district clerk filed a partial clerk's record containing the documents relevant to appellant's indigence claim. No reporter's record was taken.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs. *See* Tex. R. App. P. 20.1. Rule 20.1(i)(1) provides if an affidavit is filed in the trial court and a contest is filed, as in this case, "the trial court must set a hearing and notify the parties and the appropriate court reporter of the setting." The hearing must be conducted, or an order signed extending the time to conduct the hearing within 10 days after the contest was filed. Tex. R. App. P. 20.1(i)(2)(A). "The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed." Tex. R. App. P. 20.1(i)(3). Unless—*within the period set for the hearing*—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs. Tex. R. App. P. 20.1(i)(4) (emphasis added).

The record before this court reflects that appellant's affidavit of indigence was filed October 12, 2011. A contest was filed within 10 days, on October 21, 2011. No motion to extend the time to conduct the hearing was filed. The trial court did not hold a hearing within 10 days of October 21, 2011. Instead, the trial court signed an order on October 31, 2011 that gave notice of hearing "by submission" on November 7, 2011.[1] On November 10, 2011, the trial court signed an order sustaining the contest.

The order sustaining the contest needed to be signed "within the period set for the hearing," which was November 7, 2011. *Watson v. Hart,* 871 S.W.2d 914, 919 (Tex. App.—Austin 1994, orig. proceeding). Although a court may extend the time to conduct the hearing up to 20 days from the date of the order extending the time to hold the hearing, it is not prohibited from extending the time for a period shorter than 20 days. *Id.* In this case, the period selected by the court in its order was November 7, 2011. Pursuant to Tex.

---

[1] Because it is not necessary for the disposition of this appeal, we do not decide whether or not this contest can be heard on a "Submission Docket."

R. App. P. 20.1(i)(4), therefore, the trial court was required to sign an order sustaining the contest on or before November 7, 2011, or take as true the allegations in the affidavit. *See Cullum v. White*, No. 04-09-00695, 2010 WL 3333056, * 1 (Tex. App- San Antonio 2010, no pet.) (Because the trial court signed the order sustaining the contest after the time set for the hearing, the allegations of indigence were deemed true.) The trial court's order sustaining the contest was not signed until November 10, 2011, and therefore was not timely. *See In re G.C.*, 22 S.W.3d 932, 933 (Tex. 2000).

Because the court signed the order sustaining the contest outside the permissible time frame, we conclude the court abused its discretion in sustaining the contest. The allegations in appellant's affidavit are deemed true, and appellant is allowed to proceed without prepayment of costs. Tex. R. App. P. 20.1(i)(4); *Jamilah v. Washington Mut. Bank, F.A.*, No. 14-06-00013-CV, 2007 WL 925783, *1 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op.). We reverse the trial court's order sustaining the contest and issue the following order.

Appeal number 14-11-00987-CV, which was abated until this appeal was determined, is reinstated. The Harris County District Clerk is ordered to file a complete clerk's record in appeal number 14-11-00987-CV, without the advance payment of costs, containing the contents required by Texas Rule of Civil Procedure 34.5(a) within 30 days. The official court reporter, Sheila R. Skidmore, has certified to this court that no reporter's record was taken in the underlying appeal. Accordingly appellant's brief in appeal number 14-11-00987-CV will be due thirty (30) days after the clerk's record has been filed. *See* Tex. R. App. P. 38.6(a).

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison. (Christopher, J., Concurring Opinion).