IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-360-CV





JULIA FAIR,



 APPELLANT


vs.





TEXAS DEPARTMENT OF PROTECTIVE SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-10311, HONORABLE PETER M. LOWRY, JUDGE PRESIDING



 





PER CURIAM


 Appellant Julia Fair filed a motion for leave to file a second motion for extension
of time to file the record or for abatement of this appeal pending resolution of challenges to her
affidavit of inability to pay costs on appeal. Appellee Texas Department of Protective and
Regulatory Services (TDPRS) submitted a response opposing the motion and a motion to dismiss
the appeal for want of jurisdiction. We will dismiss the appeal.

 On February 28, 1994, the trial court signed a final decree terminating Fair's
parental rights. On March 30, 1994, Fair filed a motion for new trial. On May 31, 1994, Fair
filed a notice of appeal and an affidavit of inability to pay costs on appeal. Tex. R. App. P.
40(a)(1). 

 Fair is not a person entitled to prosecute her appeal by filing a notice of appeal. 
See generally Tex. Civ. Prac. & Rem. Code Ann. §§ 6.001-.003; 64.091(c)(3); 104.006 (West
1986 & Supp. 1994); Tex. Prob. Code Ann. § 29 (West Supp. 1994); Tex. Lab. Code Ann.
207.007 (West 1994); Dallas Cty. Appraisal Dist. v. Institute For Aerobics Research, 751 S.W.2d
860, 861 (Tex. 1988). If Fair had filed only a notice of appeal, we would treat her filing of this
instrument as a bona fide attempt to invoke our jurisdiction and permit Fair an opportunity to
correct her error by filing the correct instrument. See Linwood v. NCNB Texas, 38 Tex. S. Ct.
J. 30 (Oct. 13, 1994). Fair, however, also filed an affidavit of inability which is a correct
perfecting instrument. Tex. R. App. P. 40(a)(1). 

 TDPRS argues the affidavit was not filed timely because after the district clerk file-stamped the original, Fair's counsel retained it until August 1994. We need not decide this
question, because even assuming the affidavit was filed timely, Fair cannot prosecute her appeal.

 Fair admits in her response to TDPRS's motion to dismiss that her appointed
counsel did not serve opposing counsel or the court reporter with notice of the filing of the
affidavit within the two-day period required by Texas Rule of Appellate Procedure 40(a)(3)(B)
(appellant or her attorney shall give notice of filing of affidavit to opposing party or its attorney
and to court reporter of court where case was tried within two days after filing; otherwise, she
shall not be entitled to prosecute appeal without paying costs or giving security therefor). 

 Fair urges us to find the two-day notice requirement of Rule 40(a)(3)(B)
unconstitutional as applied to her in this case. We have considered her arguments in this regard
and do not find them persuasive. Because Fair did not provide the two-day notice required by
Rule 40(a)(3)(B), she was not entitled to prosecute her appeal without paying costs or giving
security therefor. Tex. R. App. P. 40(a)(3)(B); Wheeler v. Baum, 764 S.W.2d 565, 566 (Tex.
App.--Houston [1st Dist.] 1988, orig. proceeding). Fair has not filed an appeal bond or made a
cash deposit in lieu of bond and it is no long possible for her to do so timely. Tex. R. App. P.
41(a)(1), (2). Accordingly, we grant TDPRS's motion to dismiss the appeal. 

 The appeal is dismissed for want of jurisdiction. Fair's motion for leave to file a
second motion for extension of time to file the record is dismissed. 



Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Appeal Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: November 2, 1994

Do Not Publish