Donnie Hughes THOMPSON, Relator,

v.

The Honorable Robert GARZA, Presiding Judge of the 138th Judicial District Court of Cameron County, Texas, Gary Alexander, and John Corr, Respondents.

No. 13–91–192–CV.

Court of Appeals of Texas, Corpus Christi.

May 9, 1991.

---

Donnie Hughes Thompson, Harlingen, for relator.

Peter C. Gilman, Brownsville, for real party in interest.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

In this original proceeding, relator, Donnie Hughes Thompson, asks this Court to order the respondent, the Honorable Robert Garza, to order respondent court reporters, Gary Alexander and John Corr, to prepare a statement of facts in his case without charge. We conditionally grant the writ.

Relator filed his affidavit of inability to pay costs on appeal on January 4, 1991. He wanted to appeal an order terminating joint managing conservatorship of his child and increasing child support payments. He requested the transcription of several hearings, both before and after the judgment date. The record reflects that the affidavit notifying the court reporter was postmarked on January 7, 1991. Only the official court reporter was notified, although a substitute court reporter transcribed certain of the requested hearings. The official court reporter never filed a contest in the case. The substitute court reporter filed a contest on February 26, 1991. He claims that he did not receive timely notice of the filing of the affidavit of inability to pay costs. An order denying relator's request to proceed without costs was entered on April 1, 1991. Another order, granting relator's request for the transcription of certain hearings, was signed on April 9, 1991. Relator asks us to issue mandamus ordering the reporters to prepare transcriptions of all hearings mentioned in his request for the preparation of the statement of facts.

An appellant who wishes to appeal without cost must file an affidavit within the time applicable for perfecting an appeal. Tex.R.App.P. 40(a)(3)(A). Notice shall be given to the reporter within two days of the filing of the affidavit. Tex.R.App.P. 40(a)(3)(B). A contest must be filed within ten days of receiving notice. Tex.R.App.P. 40(a)(3)(C). If no contest is filed, the allegations of the affidavit shall be taken as true. If a contest is filed, the court *shall* hear the same within ten days unless the court extends the time for hearing and determining the contest by a *signed written* order made *within* the ten day period. Tex.R.App.P. 40(a)(3)(E).

The official court reporter, although timely notified, did not file a contest. The trial court was required to accept relator's affidavit as true. The substitute court reporter did file a contest. The trial court, however, did not rule on the contest within ten days of its filing, or extend the time for doing so within ten days. The trial court's order sustaining the contest was signed well after the ten day period had elapsed. The trial court was without authority to sustain the contest. Under Rule 40(a)(3)(E), the court had become bound to accept the allegations in the affidavit as true. *Ramirez v. Packer*, 807 S.W.2d 728, 729 (1991).

We conditionally grant the writ of mandamus. We trust that the trial court will rescind its order of April 1, 1991, sustaining the contest of the affidavit of inability to pay costs on appeal and order the respondent court reporters to prepare the statement of facts without charge. Mandamus will issue only in the event the trial court refuses to comply.