**Rudy RIOS, Relator,**

v.

**The Honorable Jerry L. CALHOON, Judge, and the Twelfth Court of Appeals, Respondents.**

**No. D–4357.**

Supreme Court of Texas.

April 20, 1994.

Rehearing Overruled June 22, 1994.

---

Rudy Rios, pro se.

Dan Morales, Karen D. Matlock, Austin, for respondents.

## PER CURIAM.

This is an original mandamus proceeding instituted by Relator Rudy Rios (Rios) against the Honorable Jerry L. Calhoon, Judge of the 349th Judicial District Court of Houston County, Texas and The Twelfth Court of Appeals.[1] Rios seeks two writs of mandamus. One directs Judge Calhoon to order the preparation and delivery of both a partial transcript and a partial statement of facts at no cost. The other directs the Twelfth Court of Appeals to accept Rios' out of time appellate brief. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this court conditionally grants the writs of mandamus.

On January 13, 1992, Rios timely filed numerous documents relating to the appeal of this case, including an affidavit of inability to pay costs pursuant to Rule 40(a)(3)(A) of the Texas Rules of Appellate Procedure. No contest to the affidavit was filed and there is no claim that Rios failed to give notice pursuant to Rule 40(a)(3)(B) of the Texas Rules of Appellate Procedure. It is undisputed that

Rios properly perfected his appeal on the basis of the affidavit of inability to pay costs. Subsequently, Rios made several requests to make the record available to him at no cost.

When the trial court refused Rios' requests, Rios sought a writ of mandamus in the court of appeals directing Judge Calhoon to order the preparation and delivery of both a partial transcript and a partial statement of facts at no cost. The court of appeals conditionally granted the writ of mandamus, but only ordered the preparation and delivery of the statement of facts and authorized the trial court, pursuant to Texas Rule of Appellate Procedure 40(a)(3)(F), to determine whether Rios had funds available to make partial payment for the statement of facts. In response, Judge Calhoon ordered the preparation and delivery of the statement of facts at a cost of $100.00 to Rios. The court of appeals also overruled Rios' motion for reconsideration of his motion for extension of time to file an appellate brief and ordered the brief filed by January 31, 1994. Rios argues that Judge Calhoon abused his discretion by ordering Rios to pay $100.00 for the preparation of the statement of facts and by failing to order production of the transcript and that the Twelfth Court of Appeals abused its discretion by overruling his motion for extension of time to file a brief pending receipt of the transcript. We agree.

■ If a party files an affidavit of inability to pay costs pursuant to Rule 40(a)(3)(A) of the Texas Rules of Appellate Procedure and no contest to the affidavit is timely filed or the court fails to rule on the contest within the allotted time, the court is bound to accept the allegations in the affidavit as true. Tex. R.App.P. 40(a)(3)(E); *see also Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex.1991, orig. proceeding); *Thompson v. Garza*, 809 S.W.2d 640, 641 (Tex.App.—Corpus Christi 1991, orig. proceeding). Thereafter, the party is absolutely entitled to the exemption from costs, *Barrelle v. Johnson*, 741 S.W.2d 590, 591 (Tex.App.—Austin 1987, orig. proceeding), and the trial court lacks the author-

---

1. We acknowledge that the petition for writ of mandamus filed with this court was originally styled: *Rudy Rios v. Twelfth Court of Appeals.* This court on its own motion has added The

Honorable Jerry L. Calhoon, Judge as an additional respondent. *See Loftin v. Martin,* 776 S.W.2d 145, 145 n. 1 (Tex.1989).

259

ity to affect the party's entitlement. *See Ramirez,* 807 S.W.2d at 729. Perfection of an appeal under Rule 40(a)(3) of the Texas Rules of Appellate Procedure also triggers the party's right to request a free statement of facts. TEX.R.APP.P. 53(j)(1). Upon proper request, the court must order the preparation and delivery of the statement of facts without charge. *Id.; Thompson,* 809 S.W.2d at 641.

It is undisputed that Rios properly perfected his appeal under Texas Rule of Appellate Procedure 40(a)(3). Thereafter, Rios was absolutely entitled to the exemption from paying the costs of appeal and the trial court lost its authority to affect that entitlement. Judge Calhoon abused his discretion by thereafter ordering Rios to pay $100.00 for the preparation of the statement of facts and by failing to order production of the transcript.

A party seeking an extension of time in the courts of appeals is required to file a motion specifying facts reasonably explaining the need for an extension. TEX. R.APP.P. 73(h); *Head v. Twelfth Court of Appeals,* 811 S.W.2d 570, 571 (Tex.1991, orig. proceeding). Rios motion argued his inability to obtain the transcript for preparation of an adequate appellate brief as reason for an extension. Rios' inability to obtain the transcript due to the trial court's refusal to order its preparation reasonably explains the need for the extension. Additionally, there is no showing that the appellee will suffer a material injury if Rios' is allowed the extension. *See Head,* 811 S.W.2d at 571. Thus, we conclude that the court of appeals abused its discretion in overruling Rios' motion for reconsideration of his motion for extension of time to file an appellate brief and in ordering the brief filed by January 31, 1994.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this court conditionally grants the writs of mandamus. If the trial court fails to order the preparation and delivery of both the partial transcript and the partial statement of facts at no cost to Rios, writ of mandamus will issue. If the Twelfth Court of Appeals fails to accept and consider

Rios' appellate brief on the merits, writ of mandamus will issue.