NO. 07-01-0180-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 16, 2001

______________________________

JOSE PESINA,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE POTTER COUNTY COURT OF LAW NO. 2;

NO. 7419-2; HON. PAMELA C. SIRMON, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

On April 26, 2001, the clerk for Potter County received a hand-written notice of restricted appeal (the notice) from Jose Pesina.
(footnote: 1)  In turn, this court received Pesina’s hand-written motion to extend the deadline for filing said notice on April 27, 2001, though the post-mark indicates that it was mailed on April 25, 2001.
(footnote: 2)  Through that motion, we were told that the final order from which appeal was taken was filed on October 10, 2001.  Thus, the deadline for perfecting the restricted appeal fell on April 10, 2001, 
Tex. R. App. P
.
 26.1(c) (stating that the notice must be filed within six months of the date the final order is signed), and the notice tendered by Pesina was approximately 15 days late.

While the rules of procedure allow the court to extend the deadline to perfect an appeal, the notice and the appropriate motion must be filed within 15 days of the original deadline.  
Tex. R. App. P
.
 26.3.  Next, through the motion, the appellant must aver 
facts
 which reasonably explain the need for the extension.  
Tex. R. App. P
.
 10.5(b)(2) (A); 
Rios v. Calhoon
, 889 S.W.2d 257, 259 (Tex.1994).  Mere conclusion is not sufficient.  Additionally, those facts must be considered in assessing the plausibility of the explanation.  
Kidd v. Paxton
, 1 S.W.3d 309, 310-311 (Tex. App.--Amarillo 1999, pet. denied).  That is, it is not enough to simply aver some explanation.  Rather, the explanation must be supported by factual allegation and be reasonable or plausible.  
Id.

Here, through the abbreviated motion filed by Pesina and counsel, we are told that he could not timely perfect his restricted appeal for three reasons.  The first concerned his inability “to pay for the appeal costs”.  The second and third involved the lack of knowledge about the court’s execution of the October 10th final order and a purported “misinterpretation of appellate court rules relating to restricted appeals.”  We find none of these excuses plausible or reasonable for the following reasons.  

As to the contention regarding the misinterpretation of the appellate rules, nowhere are facts alleged describing the purported misinterpretation or why it impeded anyone’s ability to act timely.  Again, both Rule 10.5(b)(2)(A) and Supreme Court precedent mandate that facts, not unfounded conclusion, be alleged
 supporting the ground.  So, since Pesina did not support the ground with factual allegation, we cannot find it plausible or reasonable.

As to the allegations regarding impoverishment and lack of knowledge, judicial notice is taken of the record in our cause number 07-00-538-CV, styled 
Ex parte Pesina
.  And, upon taking such notice, we discover another notice of appeal signed by Pesina and filed on November 30, 2000.  Moreover, that notice disclosed his intent to appeal the very same October 10th order involved at bar.  Additionally, accompanying the notice were two other documents.  The first was a motion signed by Ms. Newby, Pesina’s counsel, wherein she requested an extension of the deadline to perfect a non-restricted appeal.  The second item consisted of Pesina’s unverified declaration of indigency.  
See 
Tex. R. App. P
.
 20.1(a)(1) (requiring that leave to proceed as a pauper be sought through an 
affidavit
 of indigency).
(footnote: 3)  These three documents establish several indisputable and controlling facts.   First, both Pesina and legal counsel knew of the October 10th order at least four months before the lapse of the deadline to perfect a restricted appeal.  Second, Pesina and counsel also knew of his opportunity granted by the Rules of Appellate Procedure to proceed as an indigent months before the restricted appeal had to be perfected.  So, it can hardly be true that any supposed lack of knowledge regarding the October 10th order prevented him and his counsel from timely perfecting a restricted appeal.  Nor can we conclude that Pesina’s supposed indigency prevented him from acting timely given his knowledge of the opportunity afforded by the rules to proceed as a pauper.  This is especially so when nothing appears of record explaining why he did not or could not complete (before April 10, 2001) the requisite documents to perfect his status as an indigent.  Thus, neither the allegations concerning poverty and lack of knowledge present reasonable or plausible grounds for extending the deadline.  

Accordingly, the motion to extend the deadline to perfect a restricted appeal is denied, and the appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.

FOOTNOTES
1:
The notice, which was signed by Pesina’s attorney, failed to comport with the requirements of Rule 25.1(d)(7) of the Texas Rules of Appellate Procedure.  Specifically, it lacked the statement that Pesina did not timely file either a post-judgment motion, a request for findings of fact, or a notice of appeal.  

2:
See 
Tex. R. App. P
. 
9.4(e) (stating that a document must be printed in typeface).  While this court has allowed, at times, those acting 
pro se
 to draft documents in long-hand, Pesina is not representing himself.  Rather, Ms. Betty Newby acts as his counsel.  

3:
By order dated January 26, 2001, we dismissed that appeal because Pesina did not perfect his status as an indigent and failed to pay the requisite filing fee.