**Order filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-14-00119-CV

———————————

## IN RE EDWARD R. NEWSOME, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-24410**

# O R D E R

This court issued its opinion in this case on February 13, 2014. Texas Rule of Appellate Procedure 49.1 provides for the filing of a motion for rehearing within fifteen days after a court of appeals' judgment or order is rendered. Tex. R. App. Proc. 49.1. Relator timely filed his motion for rehearing on February 27, 2014. This court denied relator's motion for rehearing on March 11, 2014. Relator filed a motion for rehearing en banc on April 7, 2014, more than 15 days after this court's denial of relator's timely-filed motion for rehearing. *See* Tex. R. App. P. 49.7.

"A court of appeals may extend the time for filing a motion for rehearing or en

banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion." Tex. R. App. P. 49.8. A party seeking an extension of time in the court of appeals is required to file a motion specifically stating the facts that reasonably explain the need for an extension. *Rios v. Calhoon*, 889 S.W.2d 257, 259 (Tex. 1994); *see also* Tex. R. App. P. 10.5(b)(1)(C) (requiring motion to extend time to include facts relied on to reasonably explain the need for an extension). No motion for extension of time was filed in this case, however.

The Texas Supreme Court has consistently treated minor procedural mistakes with leniency to preserve appellate rights. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616−17 (Tex. 1997) (implying extension of time when a party perfects an appeal in good faith within the 15-day period for filing an extension). Thus, a motion for extension of time can be implied when a motion for rehearing en banc is filed within the 15-day period for filing a motion for extension of time if the appellant thereafter files a motion complying with Rule 10.5(b)(1) that contains a reasonable explanation to support the late filing. *See Houser v. McElveen,* 243 S.W.3d 646, 647 (Tex. 2008); *see also Miller v. Greenpark Surgery Ctr. Assoc., Ltd.*, 974 S.W.2d 805, 807 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (implying extension but requiring reasonable explanation).

Accordingly, unless relator files with the clerk of this court a motion that complies with Texas Rule of Appellate Procedure 10.5(b)(1) and provides a reasonable explanation for the late filing of the party's motion for rehearing en banc within **10 days** of the date of this order, the court will deny the motion for rehearing en banc as untimely.

PER CURIAM