**Order filed May 13, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00247-CV

_____

### IN RE LAWRENCE EDWARD THOMPSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-10948**

---

## O R D E R

This court issued its opinion in this case on April 15, 2014. Texas Rule of Appellate Procedure 49.1 provides for the filing of a motion for rehearing within fifteen days after a court of appeals' judgment or order is rendered. Tex. R. App. Proc. 49.1. Relator filed his motion for rehearing on May 6, 2014, more than fifteen days after this court's ruling on relator's petition for writ of mandamus. *See* Tex. R. App. P. 49.7.

"A court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Texas Rule of

Appellate Procedure 10.5(b) no later than fifteen days after the last date for filing the motion." Tex. R. App. P. 49.8. A party seeking an extension of time in the court of appeals is required to file a motion specifically stating the facts that reasonably explain the need for an extension. *Rios v. Calhoon*, 889 S.W.2d 257, 259 (Tex. 1994); *see also* Tex. R. App. P. 10.5(b)(1)(C) (requiring motion to extend time to include facts upon which movant relies to reasonably explain the need for an extension). No motion for extension of time was filed in this case, however.

The Supreme Court of Texas has consistently treated minor procedural mistakes with leniency to preserve appellate rights. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616−17 (Tex. 1997) (implying extension of time when a party perfects an appeal in good faith within the fifteen-day period for filing an extension). Thus, a motion for extension of time can be implied when a motion for rehearing en banc is filed within the fifteen-day period for filing a motion for extension of time if the appellant thereafter files a motion complying with Texas Rule of Appellate Procedure 10.5(b)(1) that contains a reasonable explanation to support the late filing. *See Houser v. McElveen,* 243 S.W.3d 646, 647 (Tex. 2008); *see also Miller v. Greenpark Surgery Ctr. Assoc., Ltd.*, 974 S.W.2d 805, 807 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (implying extension but requiring reasonable explanation).

Accordingly, unless relator files with the clerk of this court a motion that complies with Texas Rule of Appellate Procedure 10.5(b)(1) and provides a reasonable explanation for the late filing of the party's motion for rehearing within **ten days** of the date of this order, the court will deny as untimely the motion for rehearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.