ACCEPTED
14-14-00665-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/27/2015 3:35:02 PM
CHRISTOPHER PRINE
CLERK

**No. 14-14-00665-CV**

_____

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

1/27/2015 3:35:02 PM

CHRISTOPHER A. PRINE
Clerk

_____

No. 2013-12988
In the 234th District Court of
Harris County, Texas

_____

**DOV K. AVNI**
*Appellant*,

**v.**

**HARRIS COUNTY APPRAISAL DISTRICT,**
*Appellee*

_____

APPELLEE'S OPPOSITION TO APPELLANT'S MOTION FOR FIRST EXTENSION OF
TIME TO FILE APPELLANT'S BRIEF AND APPENDIX

_____

**TO THE HONORABLE COURT OF APPEALS OF TEXAS:**

COMES NOW THE HARRIS COUNTY APPRAISAL DISTRICT, Appellee, by and through its undersigned counsel, and files this, its Opposition to Appellant's First Extension of Time to File Appellant's Brief and Appendix (the "Motion to Extend Time") and in support of its Opposition states as follows:

**Overview**

1.      Appellant's brief was listed as being due on January 8, 2015. Almost two weeks after missing that deadline, Appellant has filed a motion to extend time to file his brief, seeking an additional thirty-nine (39) days, until February 16, 2015, to file his brief.  Appellant's arguments for an extension of time are without merit and the Motion to Extend Time should be denied.

1

**Appellant's Motion to Extend Time is Procedurally and Substantively Deficient.**

2. The procedural requirements of motions to extend time are set out in Tex. R. App. P. 10.5(b) (West Aug. 14, 2014).

3. Appellant is well-aware of the need to seek leave of the Court of Appeals and that a proper motion to extend time is necessary. *See Avni v. Newman*, No. 01-13-00863-CV, 2014 WL 890925 (Tex. App. - Houston [1st Dist.] Mar. 6, 2014)(dismissing appeal for Appellant's failure to file a brief or a proper motion to extend time).

4. Appellant's brief was due on January 8, 2015. His Motion to Extend Time was not filed until January 23, 2015. The Motion to Extend Time fails to indicate the original deadline to file the brief,[1] and requests an extension of thirty-nine days to file the brief,[2] until February 16, 2015.[3]

5. Most relevant to the Appellant's Motion to Extend Time are the provisions of Rule 10.5(b)(1)(C), which requires that a motion to extend time contain "the facts relied on to reasonably explain the need for an extension." *See also Rios v. Calhoon*, 889 S.W.2d 257, 259 (Tex.1994)("A party seeking an extension of time in the court of appeals is required to file a motion specifically stating the facts that reasonably explain the need for an extension.").

6. Appellant first asserts that he is "severely impeded" by an injunction issued against him in a separate case, Cause No. 1997-40590: a state court proceeding which has absolutely no bearing on or relation to the underlying cause of action which precipitated this instant appeal

---

[1] *See* Tex. R. App. P. 10.5(b)(1)(A).
[2] *See* Tex. R. App. P. 10.5(b)(1)(B).
[3] At the end of his motion, Appellant states that his brief and appendix would be ready by February 5, 2014. *See* Motion to Extend Time at 3.

(Cause No. 2013-12988).[4] Appellant makes no attempt to explain how or why this is relevant to the instant appeal, or why this reasonably explains the need for an extension of time.

7.     Appellant further argues that other causes of action, Cause No. 2012-07323 and 2012-07323B, have some bearing on the instant matter.  Again, there is no attempt to show how this reasonably explains the need for an extension, as the instant appeal is utterly unrelated to the causes of action Appellant refers to.[5]

8.     "A reasonable explanation for the need for an extension of time is 'any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake[,] or mischance.'" *Pidcock v. City of Wichita Falls*, No. 2-05-244-CV, 2006 WL 668709, at *1 (Tex. App. – Fort Worth, Mar. 16, 2006, pet. denied), *citing Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex.2003).

9.     The Motion to Extend Time states no grounds that would justify an extension of time, even assuming the motion had been filed prior to the deadline to file his brief. Appellant's citations to causes of action which are unrelated to the underlying state court case which is the subject of this instant appeal, and which have no bearing on the ultimate disposition of this case, are not a reasonable explanation of why an extension of time is warranted.  Nor are they indicative of any inadvertence, mistake, or mischance related to Appellant's failure to timely file a brief by January 8, 2015.

10.    Appellant has advanced no reasonable explanation why an extension of time should be granted in this case. Appellee would be prejudiced by a grant of an extension of time where such

---

[4] In fact, the cause of action referenced by Appellant is related to a wholly-separate appeal filed by Appellant and proceeding before this honorable Court, proceeding at 14-14-00410-CV.
[5] These causes of action are directly related to the appeal noted above, 14-14-00410-CV.

3

request is made with no foundation or relation to the instant proceeding.[6] Appellant's Motion to Extend Time should be denied.

WHEREFORE, premises considered, Appellee requests that the honorable Court of Appeals deny Appellant's Motion to Extend Time to File Appellant's Brief and Appendix.

Respectfully submitted,

By:  /s/ L. Susan Herrera
     L. Susan Herrera
     State Bar No.09530160
     Matthew P. Crouch
     State Bar No. 24072481
     Department of Legal Services
     Harris County Appraisal District
     P. O Box 920975
     Houston, Texas  77292-0975
     Telephone:    (713) 957-7497
     Fax:    (713) 957-5219
     sherrera@hcad.org;
     mcrouch@hcad.org
     ATTORNEYS FOR DEFENDANT,
     HARRIS COUNTY APPRAISAL
     DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, a true and correct copy of the foregoing Motion to Dismiss was served via:

☐ telecopy
☒ certified mail, return receipt requested
☐ hand delivery

to Dov K. Avni, 150-B Forest Drive, Jericho, NY 11753.

/s/ L. Susan Herrera
L. Susan Herrera

---

[6] Appellant claims to have attempted to contact Appellee's counsel regarding this motion. Counsel checked the call log on the office phone system of L. Susan Herrera. Appellant called once, on January 23, 2015, but did not leave a message regarding this Motion to Extend Time. Further, Appellant's Motion to Extend Time references Exhibits Three through Five, none of which were attached to the Motion as exhibits.

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that the forgoing Appellee's Opposition is a computer-generated document containing 1077 words, including textboxes, footnotes, endnotes, headings, and/or quotations. I certify that I am relying upon the word count provided by the computer program that I used in preparing this document.

/s/ L. Susan Herrera
L. Susan Herrera