5 SEPT 15

Ms. Cathy S. Lusk, Clerk
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, TX 75702

RE: Clerk's Record                    APPEALS COURT NO: 12-15-00190-CV
                                      Trial Court No:    3-42362
                        Style: In Re Billy Ross Sims

To The Honorable Cathy S. Lusk:

   Please find enclosed a recent filing at the trial court, at the
district clerk's office as follows:

1.   A Motion to Extend the Time for Filing a Notice of Appeal;

2.   A Motion for Recusal.

   These filings should be made a part of the Clerk's Record in the
matter pending. I apologize for the typos on the carbons.

                              Kind regards,

                              Billy R. Sims, 511649
                              Powledge Unit
                              1400 FM 3452
                              Palestine, TX 75803

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 10 2015

TYLER TEXAS
PAM ESTES, CLERK

5 SEPT 15

Ms. Janice Staples, Clerk
Anderson County District Clerk
500 N. Church Street, Room 18
Palestine, TX 75801

RE: Motion For Recusal, and Motion For Extension of Time to File
Notice of Appeal:

Dear Ms. Staples,

I have enclosed here a Motion for Recusal against judge
Mark A. Calhoon.

I have also enclosed a Motion to Extend the Time for Filing a
Notice of Appeal.

Would you please abide by your oath of office and file these
with the court.

The cause is numbered and styled as:

TRIAL COURT NUMBER        3-42362
COURT OF APPEALS NUMBER   12-15-00190-CV

3rd Judicial District Court of Anderson County, Texas

BILLY ROSS SIMS, 511649
vs
Carter Thompson
David Bridges
Douglas Lang
Robert Fillmore
Elizabeth Lang-Miers
Lana Myers
Rissie Owens
Michelle Skyrme
James Hensarling
James Kiel

Kind regards,

Billy R. Sims, 511649
Powledge Unit
1400 FM 3452
Palestine, TX 75803

TRIAL COURT NUMBER 3-42362
COURT OF APPEALS No. 12-15-00190-CV

| | | |
|---|---|---|
| BILLY ROSS SIMS, 511649 | § | IN THE DISTRICT COURT |
| VS | § | 3rd JUDICIAL DISTRICT |
| Carter Thompson | § | ANDERSON COUNTY, TEXAS |
| David Bridges | § | |
| Douglas Lang | | |
| Robert Fillmore | § | |
| Elizabeth Lang-Miers | | |
| Lana Myers | § | |
| Rissie Owens | § | |
| Michelle Skyrme | § | |
| James Hensarling | | |
| James Kiel | § | |

MOTION TO EXTEND THE TIME FOR FILING A NOTICE OF APPEAL

TO THE COURT:

COMES NOW THE PETITIONER, BILLY ROSS SIMS, pro se, and files this Motion to Extend the Time for Filing a Notice of Appeal, and would show:

1. On June 30, 2015, the Court's hearing official initialed a bad faith Order of Dismissal without Jurisdiction, and in violation of Judicial Code of Conduct Canons 2A, 3B(2), (5), (7).

2. On July 8, 2015, under the prison mailbox rule, a timely request for findings of fact and conclusions of law was filed under Texas Rules of Civil Procedure Rules296. The Court's hearing official refused to act to make findings of fact and conclusions of law within the time prescribed by Rule 297, which was due July 28, 2015; and a timely Notice of Past Due Findings of Fact and Conclusions of Law was filed under Rule 297, which extended the time out to 40 days from the date the original request for findings of fact and conclusions of law was made on July 8, 2015, making the due date August 17, 2015.

3.

1

3. The filing of the Request for Findings of Fact and Conclusions of Law on July 8, 2015, under Rule 25.1(a)(4) TRCP, extended the time for Perfecting the Appeal out to 90 days from the date the Order of Dismissal was initialed on June 30, 2015, and 90 days from that date is September 28, 2015.

4. On July 29, 2015, the Clerk of the 12th Court of Appeals accepted filing of a Petition for Writ of Mandamus against the bad faith Order of Dismissal, and the ruling is pending.

5. A judicial misconduct complaint is being filed with the State Commission on Judicial Conduct against the Court's hearing official.

6. An extension of 90 days from September 28, 2015, is requested out to December 22, 2015, pending the outcome of the ruling by the 12th Court of Appeals. No previous motions to extend the time for filing a notice of appeal have been filed. Petitioner seeks to protect his right to appeal while waiting for the 12th Court of Appeals to rule on the Petition for Mandamus regarding the bad faith Order of Dismissal.

## PRAYER

WHEREFORE ALL PREMISIS CONSIDERED, Petitioner prays for the 90 day extension of time out to December 22, 2015, and that the Court will grant this motion to extend the time for filing a notice of appeal.

## VERIFICATION

I, Billy R. Sims, 511649, being presently incarcerated in the TDCJ at the Powledge Unit, declare under penalty of perjury that the foregoing is true and correct according to my own beliefs.
Signed this 5th Day of September, 2015.

BILLY R. SIMS, 511649
Powledge Unit, 1400 FM 3452
Palestine, TX 75803

2

| | | |
|---|---|---|
| BILLY ROSS SIMS, 511649 | § | IN THE DISTRICT COURT |
| vs | § | 3rd JUDICIAL DISTRICT |
| Carter Thompson | § | ANDERSON COUNTY, TEXAS |
| David Bridges | § | |
| Douglas Lang | | |
| Robert Fillmore | § | |
| Elizabeth Lang-Miers | | |
| Lana Myers | § | |
| Rissie Owens | | |
| Michelle Skyrme | § | |
| James Hensarling | | |
| James Kiel | § | |
| | § | |

## MOTION FOR RECUSAL

TO THE COURT:

COMES NOW THE PETITIONER, BILLY ROSS SIMS, pro se, and files this Motion For Recusal, pursuant to Rules 18.1 and 18.2 of the Texas Rules of Civil Procedure, and would show? the facts are within the affiant's personal knowledge except those facts stated on information and belief which are herein specifically stated:

1. One June 30, 2015, the trial court hearing official, Mark A. Calhoon, initialed a bad faith Order of Dismissal imposing costs and fees without jurisdiction in the above styled and numbered cause, in violation of Judicial Code of Conduct Canons 2A, 3B(2), 3B(5) and 3B(7).

2. Mr. Calhoon's bad faith Order of Dismissal gave the appearance of impropriety because it violates clearly established state and federal law regarding In Forma Pauperis and costs and fees, RIOS, infra, bringing into question Mr. Calhoon's ability to carry out judicial responsibilities with integrity, impartiality and competence.

1

The bad faith Order of Dismissal initialed by Mr. Calhoon, dismissing the civil suit while imposing costs and fees without any jurisdiction clearly demonstrates that Mr. Calhoon has not maintained professional competence in the law, and that he is not faithful to the law as required by Canon 3B(2).

Mr. Calhoon was required to know the law regarding costs and fees, RIOS vs CALHOON, 889 SW2d 257, 258-59 (Texas 1994). While Rule 18.1(a)(3) TRCP, indicates motions for rcusal must not be based on a judge's ruling in the case, this information is given as background to show Mr. Calhoon's bad faith misconduct that calls into question his integrity and impartiality and his personal bias to use his elected office to cheat citizens out of the rule of law. 3. The Petitioner filed the civil suit with an In Forma Pauperis application that was not challenged by the clerk. The Supreme Court of Texas has ruled that the law in Texas abslutely entitled Sims to the IFP status and that Mr. Calhoon had no jurisdiction to impose costs and fees at a later time. RIOS, supra.

Canon 2A required Mr. Calhoon to respect and comply with the law and he refuses to do so in violation of his oath of office, and he is refusing to uphold the Constitutions. Canon 3B(2) required that Mr. Calhoon "shall be faithful to the law and maintain professional competence in it." Canon 3B(7) required Mr. Calhoon to accord Sims "the right to be heard according to law" which Mr. Calhoon refuses to do,,thus his bias is so strong as to deny the party the absolute constitutional right to a neutral and detached judge. BLUE vs STATE, 41 SW3d 129, 138 (TCA 2000), McCLENAN vs STATE, 661 SW2d 108, 109 (TCA 1983).

4. After Mr. Calhoon initialed the bad faith Order of Dismissal on June 30, 2015, he allowed his clerk to intentionally misaddress the letter that contained the copy of the bad faith Order so that Sims' notice was intentionally delayed in order that Calhoon could accomplish a harm as defined defined by the penal code.

Canon 3B(8) required Mr. Calhoon to "demonstrate due regards for the rights of parties to be heard and to have issues resolved without unnecessary costs or delay" thus his bad faith Order of Dismissal imposing costs and fees without jurisdiction caused harm and for Sims to enter into an expensive appeals process.

5. On July 8, 2015, Sims filed a timely "Request for Findings of Fact and Conclusions of Law" and Mr. Calhoon refused to rule in a timely manner, thus causing Sims to file a 'Notice of Past Due Findings of Fact and Conclusions of Law' and Mr. Calhoon refuses to comply with that law, Rules 296 and 297, which is a SHALL statute. Indeed, the bad faith Order of Dismissal has no basis in fact or law and Mr. Calhoon would be aware of this.

Under Rule 18.2(b)(1), Mr. Calhoon's refusal to act to provide findings of fact and conclusions of law clearly demonstrates that he is refusing to abide by the law, or the constitutions, or, his oath of office, and is engaged in criminal abuse of his elected position to deny or impede Sims in the exercise or enjoyment of his right to an impartial tribunal and to have the law's protection against the illegal, bad faith imposition of costs and fees, thus, Mr. Calhoon's impartiality MIGHT reasonably be questioned under the applicable rule.

3

Further, under 18.2(b)(2), it appears that Mr. Calhoon's refusal to act like a judge gives the appearance of a personal bias or a prejudice concerning the subject or the parties to the suit, since a dismissal at the pleading stage without any fact-finding, using the term "frivolous" in reference to Constitutional claims presented by Sims that state officials are acting to deny him equal prootection of the law, and imposing a new law in a retroactive, ex post facto manner in violation of the Constitutions is improper under state and federal law.

Mr. Calhoon's misconduct calls into question his integrity, ethics, and impartiality, sonce state law clearly states that Texas Civil Practice operates on "Notice Pleading" and the Complaint Sims filed complied fith the law and he was not required to make a prima facie case in pleading, nor to cite any caselaw or to include any evidence, at the pleading stage. Mr. Calhoon swold have known this law and intentionally disregarded the law to harm the party outside of the rule of law.

Factual claims that state officials are denying equal protection of the law, and imposing a new law retroactively in violation of the Constitution, is not, by definition a "frivolous" claim, and clearly established laws call for fact-finding and a right to be heard in a meaningful manner, which Mr. Calhoon refuses to do, and this gives the appearance that Mr. Calhoon is acting to protect political cronies in his political party from any consequences for their unconstitutional misconduct.

Mr. Calhoon's disregard for Sims' rights as a party to the litigation and his refusal to act on the request for findings of fact and conclusions of law clearly indicate that he is involved in

4

judicial misconduct outside of the rule of law. Recusal is mandatory and the court is required to provide a neutral and detached hearing official, and Mr. Calhoon is not neutral and detached. His actions clearly show that he is not informed of the law, and is refusing to abide by the laws enacted for the public good.

Since no service of process was effected on any of the named defendants to the suit, the court is asked to examine if Mr. Calhoon knew that the clerk filed a fraudulent Bill of Costs and Fees in the amount of $274.

## DUTY OF CLERK

Under Rule 18.1(e), the clerk is required to deliver a copy of this Motion to the respondent judge and to the presiding judge of the administrative judicial region in which the trial court is located "the regional presiding judge."

## DUTY OF RESPONDENT JUDGE

Under Rule 18.1(f)(1)(A) and (B), regardless of whether the Motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either:

(A) sign and file with the clerk an order of recusal; or

(B) sign and file with the clerk an order referring the motion to the regional presiding judge.

## PRAYER

All premisis considered, Petitioner prays the motion for recusal be granted and for the reasons stated. That the court will then assign the cause to a neutral and detached judicial official so that any further delay is avoided and the parties can move forward with the extension of time to file notice of appeal motion filed with this motion for recusal.

## VERIFICATION

I, Billy Ross Sims, 511649, being presently incarcerated in the TDCJ Powledge Unit, declare under penalty of perjury that the foregoing is true and correct according to my own beliefs and the facts are within my personal knowledge. Signed this 5th Day of September, 2015.

BILLY R. SIMS, 511649
Powledge Unit, 1400 FM 3452
Palestine, TX 75803-2350

6