**Order filed April 26, 2016**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00161-CV
_____

**GALVESTON COUNTY JUDGE MARK HENRY AND COUNTY COMMISSIONERS RYAN DENNARD, JOE GUISTI, STEPHEN HOLMES AND KEN CLARK, IN THEIR OFFICIAL CAPACITY AS THE GALVESTON COUNTY COMMISSIONERS COURT, Appellants**

**V.**

**KIMBERLY SULLIVAN, JUDGE PROBATE COURT OF GALVESTON COUNTY, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CV-1112**

## ORDER

This court issued its opinion and judgment in this case on April 5, 2016. A motion for rehearing may be filed within 15 days after judgment is rendered. Tex. R. App. Proc. 49.1. Appellants filed a motion for rehearing and a motion for en banc reconsideration on April 21, 2016, more than 15 days after judgment was rendered.

"A court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion." Tex. R. App. P. 49.8. A party seeking an extension of time is required to file a motion specifically stating the facts that reasonably explain the need for an extension. *Rios v. Calhoon*, 889 S.W.2d 257, 259 (Tex. 1994); *see also* Tex. R. App. P. 10.5(b)(1)(C) (requiring motion to extend time to include facts relied on to reasonably explain the need for an extension). No motion for extension of time was filed in this case, however.

The Texas Supreme Court has consistently treated minor procedural mistakes with leniency to preserve appellate rights. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (implying extension of time when a party perfects an appeal in good faith within the 15-day period for filing an extension). Thus, a motion for extension of time can be implied when a motion for rehearing is filed within the 15-day period for filing a motion for extension of time if the appellant thereafter files a motion complying with Rule 10.5(b)(1) that contains a reasonable explanation to support the late filing. *Houser v. McElveen*, 243 S.W.3d 646, 647 (Tex. 2008); *Miller v. Greenpark Surgery Ctr. Assoc., Ltd.*, 974 S.W.2d 805, 807 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (implying extension but requiring reasonable explanation).

Accordingly, unless appellants file a motion that complies with Texas Rule of Appellate Procedure 10.5(b)(1) and provides a reasonable explanation for the late filing of their motion for rehearing and motion for en banc reconsideration by **May 6, 2016**, the court will deny the motions as untimely.


PER CURIAM