# NO. 12-15-00190-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BILLY ROSS SIMS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION

Relator Billy Ross Sims, acting pro se, filed a "1983 civil suit" and an affidavit of indigence pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. He seeks a writ of mandamus directing the trial court to vacate its order dismissing his suit and imposing costs and fees against him totaling $274.00. We deny the petition.

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To obtain mandamus relief, the relator must show that (1) the trial court clearly abused its discretion, and (2) the benefits of mandamus outweigh the detriments to such an extent that an appellate remedy is inadequate. *In re Poly-America*, 262 S.W.3d 337, 346-47 (Tex. 2008) (orig. proceeding). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

Sims first contends that the trial court abused its discretion by dismissing his suit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). An inmate may appeal the dismissal of his lawsuit under Chapter 14. *See, e.g.*, *In re Hearn*, 137 S.W.3d 681, 684 (Tex. App.–San Antonio 2004, orig. proceeding). Therefore, to the extent Sims complains about the trial court's order of dismissal, he may not attack the ruling by seeking a writ of mandamus, even if his appellate remedy is no longer available. *See In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 614; *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.–Fort Worth 2009, orig. proceeding).

Sims argues further that the trial court abused its discretion by assessing costs against him. However, in an appeal from the dismissal of his lawsuit under Chapter 14, an inmate may include an issue challenging the trial court's order to pay costs. *See, e.g.*, **Bonds v. Tex. Dep't of Criminal Justice**, 953 S.W.2d 233, 233-34 (Tex. 1997) (reviewing erroneous order to pay costs as part of inmate's appeal from dismissal of suit as frivolous); In re Hearn, 137 S.W.3d at 684. Sims does not argue that the benefits of mandamus outweigh the detriments. Instead, he cites **Rios v. Calhoon**, 889 S.W.2d 257 (Tex. 1994) (orig. proceeding) (per curiam), for the proposition that the trial court lacked jurisdiction to assess court costs against him. Therefore, he contends the trial court's order is void and mandamus is appropriate. *See **Dikeman v. Snell***, 490 S.W.2d 183, 186 (Tex. 1973) (mandamus available to challenge void or invalid judgments); ***In re Morris***, No. 12-10-00313-CV, 2010 WL 4157149, at *1 (Tex. App.–Tyler Oct. 20, 2010, orig. proceeding [mand. denied]) (mem. op.) (per curiam) "[M]andamus is available to challenge a void order, even if the order was appealable and the party requesting relief failed to pursue an appeal.").

In **Rios**, the supreme court held that when a party files an affidavit of inability to pay costs and no contest to the affidavit is timely filed, or the court fails to rule on the contest within the allotted time, the court is bound to accept the allegations in the affidavit as true. **Rios**, 889 S.W.2d at 258. In that instance, the trial court lacks the "authority" to require the party to pay costs. **Id**. After **Rios** was decided, the legislature enacted Chapter 14 of the Texas Civil Practice and Remedies Code. Act of June 8, 1995, 74th Leg., ch. 378, R.S., § 2, 1995 Tex. Gen. Laws 2922. Chapter 14 applies to an action in which an affidavit or unsworn declaration of inability to pay costs is filed by an inmate. TEX. CIV. PRAC & REM. CODE ANN. § 14.002 (West Supp. 2016). Sections 14.006 and 14.007 authorize the court—in this case, the trial court—to assess costs against the inmate. **Id**. §§ 14.006-.007 (West 2002). Thus, **Rios** does not apply here, and the trial court's order assessing costs is not void.

<u>CONCLUSION</u>

To show himself entitled to mandamus relief, Sims was required to satisfy two prerequisites. He has failed to show that he has no adequate remedy by appeal (the second prerequisite), and therefore we need not address whether the trial court clearly abused its discretion (the first prerequisite).

Because Sims has an adequate remedy by appeal, he is not entitled to mandamus relief. We *deny* Sims's petition for writ of mandamus. All pending motions are overruled as moot.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-15-00190-CV**

**BILLY ROSS SIMS,**
Relator
v.
**HON. MARK A. CALHOUN,**
Respondent

___

**ORIGINAL PROCEEDING**

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by **BILLY ROSS SIMS,** who is the relator in Cause No. 3-42362, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on July 29, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*