**Order filed September 14, 2021**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00145-CV
_____

**REGIONAL SPECIALTY CLINIC, P.A., Appellant**

**V.**

**S.A RANDLE & ASSOCIATES, P.C. AND SARNIE A. RANDLE, JR., Appellee**

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2017-81941**

## ORDER

This court issued its opinion and judgment in this case on May 4, 2021. Texas Rule of Appellate Procedure 49.1 provides for the filing of a motion for rehearing within fifteen days after a court of appeals' judgment or order is rendered. Tex. R. App. Proc. 49.1. Appellant filed a motion for rehearing on June 29, 2021, which was denied on August 3, 2031. Appellant filed a motion for en banc reconsideration on August 19, 2021, titled motion for hearing, and filed a

properly titled motion for en banc reconsideration on August 23, 2021. Both motions were filed more than 15 days after this court ruled on appellant's motion for rehearing.

"A court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion." Tex. R. App. P. 49.8. A party seeking an extension of time in the court of appeals is required to file a motion specifically stating the facts that reasonably explain the need for an extension. *Rios v. Calhoon*, 889 S.W.2d 257, 259 (Tex. 1994); *see also* Tex. R. App. P. 10.5(b)(1)(C) (requiring motion to extend time to include facts relied on to reasonably explain the need for an extension). No motion for extension of time was filed in this case.

The Texas Supreme Court has consistently treated minor procedural mistakes with leniency to preserve appellate rights. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (implying extension of time when a party perfects an appeal in good faith within the 15-day period for filing an extension). Thus, a motion for extension of time can be implied when a motion for rehearing is filed within the 15-day period for filing a motion for extension of time if the appellant thereafter files a motion complying with Rule 10.5(b)(1) that contains a reasonable explanation to support the late filing. *See Houser v. McElveen,* 243 S.W.3d 646, 647 (Tex. 2008); *see also Miller v. Greenpark Surgery Ctr. Assoc., Ltd.*, 974 S.W.2d 805, 807 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (implying extension but requiring reasonable explanation).

Accordingly, unless appellant files with the clerk of this court a motion that complies with Texas Rule of Appellate Procedure 10.5(b)(1) and provides a reasonable explanation for the late filing of the party's motion for en banc reconsideration within **seven days** of the date of this order, the court will deny the motion for rehearing as untimely.

PER CURIAM


Panel Consists of Justices Wise, Jewell and Spain.